COOK *et al. v.* THE COUNTY OF DeKALB.

1. Where, prior to the passage of the act of 1888, a public bridge was constructed under contract with the authorities of one county across a stream dividing it from another (the authorities of the latter refusing to participate therein), it was the duty of the county authorities causing the construction of such bridge to take bond in accordance with section 691 of the code; and failing so to do, the county for which they acted is liable for damages resulting to a traveler occasioned by a defect in such bridge, of which these authorities had timely notice.

2. There being sufficient evidence to support a finding for the plaintiffs, it was error to grant a nonsuit.

December 21, 1894.

Action for damages. Before Judge JONES. City court of DeKalb county. July term, 1894.

GEORGE W. GLEATON and JOHN S. CANDLER, for plaintiffs. CANDLER & THOMSON, for defendant.

ATKINSON, Justice.

Cook and his wife brought suit against the County of DeKalb for damages for personal injuries resulting to Mrs. Cook in consequence of a fall by her from a public bridge constructed by the County of DeKalb across a stream which was the dividing line between DeKalb and Rockdale counties. It appeared that the bridge in question was constructed in 1887 by the County of DeKalb, the county authorities of Rockdale county refusing to participate in or contribute anything toward the construction thereof. The County of DeKalb, by its authorities, caused this bridge to be constructed under contract, and failed to take any bond from the contractor in accordance with section 671 of the code. Before the expiration of seven years the bridge got out of repair. Of this fact the road commissioners of the County of DeKalb had due notice, and, being so notified, permitted the bridge to remain with a hole in it, variously estimated by the witnesses to be six inches wide, two feet

long, and seven inches wide, three feet long. It appears that Mrs. Cook, the party who was injured, was driving a gentle horse attached to a buggy across this bridge, when the horse, becoming frightened at this hole, refused to pass it, and, backing the buggy, precipitated the buggy, its occupant and itself into the stream below, inflicting serious injuries upon Mrs. Cook. There were no banisters and no railing constructed upon this bridge to prevent such a catastrophe. Upon this testimony, the payment of her claim for damages being refused by the county commissioners of DeKalb county, the plaintiffs brought their action, and upon the trial of the case a nonsuit was awarded.

The special ground upon which the court rested its judgment for granting a nonsuit does not appear in the record, but its judgment was awarded generally upon the insufficiency of the evidence. In the argument before this court, the principal contention, however, of the defendant in error was, that the court ruled correctly upon the idea that one county has no authority, under the statute law of this State, of its own motion, to construct a public bridge across a stream dividing it from another county, and that if it assume to construct such a bridge and is in any respect negligent, the person injured is without remedy. This is the only ground upon which it could be seriously contended that the judgment of nonsuit was right; for the reason that the plaintiffs established their claim by such testimony as, if presented to the jury, might have been satisfactory to them, and, if believed to be true, would have justified a verdict in favor of the plaintiffs. We do not think the contention of the defendant is well founded. The act of 1881, entitled "An act to regulate the manner of letting out contracts to build or repair public bridges over watercourses which divide one or more counties from each other," etc., is cumulative and explanatory of section

678 of the code. This section of the code provides generally, that when a bridge or ferry is necessary over any watercourse which divides one county or more counties from each other, each county must contribute equally toward the building and keeping the same in repair, or in such proportion as would be just, taking into consideration the taxable property of each; but the act of 1881 to which we have referred, enters upon the details and provides how and in what manner assessments shall be levied upon the respective counties for this purpose and how plans and specifications should be prepared. Section 679 of the code provides, that if any county refuses to undergo its fair proportion of such expenses, the other county or counties may construct the work, compel the other to contribute by suit, and until such contribution takes place, may have exclusive control thereof and charge toll thereon against all the citizens of the refusing county. Under the provisions of the latter section of the code, the County of DeKalb was authorized to proceed with the construction of this bridge, it appearing that the County of Rockdale refused to contribute thereto. It did so. Its authorities caused the same to be constructed under a contract, and failed to take the bond required by law. Section 691 of the code provides, that if the county authorities fail to take the bond required by section 671 of the code, then the county shall be liable in the place of the contractor. If injury be done to one by reason of the defective construction of such a bridge, he will be entitled to recover as against the county whose authorities failed to take the bond referred to, provided his injuries occur within seven years from the date of the construction of the bridge. If county authorities would absolve their counties from liability, they must require of the contractor the bond required by law. Otherwise the county is liable. See . 54 *Georgia Reports*, page 25; 59 *Georgia Reports*, page 832; 80 *Georgia Reports*, page 489.

The plaintiffs having therefore otherwise proved their case, there is no legal impediment to their recovery against the County of DeKalb; and the court therefore erred in granting the nonsuit. Let the judgment of the court below be                                    *Reversed.*