## DOUGHERTY COUNTY *v.* NEWSOM.

A county is not liable for damages resulting from a failure to keep in repair a bridge which was constructed under contract more than seven years prior to the time when such damages occurred, although no bond was taken by the county from the contractor as required by law.

Argued May 13,—Decided June 7, 1899.

Action for damages. Before Judge Spence. Dougherty superior court. October term, 1898.

*D. H. Pope & Son*, for plaintiff in error.
*Jesse W. Walters*, by *Harrison & Bryan*, contra.

SIMMONS, C. J. The record discloses that about twenty years ago the County of Dougherty, through its proper officers, had a bridge erected over one of the streams in the county. The county authorities had the bridge built under contract, but failed or neglected to take from the contractor the bond required by law to keep the bridge in repair for seven years or as much longer as the parties might agree upon. The plaintiff in the court below was injured by reason, he claims, of a failure to keep this bridge in repair. The injury occurred considerably more than seven years after the building of the bridge. Under the charge of the court, the jury returned a verdict for

the plaintiff. The county made a motion for a new trial, which was overruled. The county excepted.

The verdict of the jury, finding the county liable, was clearly contrary to law. The liability of the county in a suit for damages of this character is wholly statutory, and there is no statute authorizing a suit against the county for damages for failing and neglecting to repair a bridge after seven years have elapsed from its erection, though it may have failed to take any bond from the contractor. In case of such failure to take bond, the county takes the place of the contractor and is liable only as long as the contractor would have been liable had he given the bond required by law. More than seven years having elapsed from the erection of the bridge to the time of this injury, the county was not liable, and the verdict was, therefore, contrary to law. In the case of *County of Monroe* v. *Flynt*, 80 *Ga.* 489, the question made in this case was expressly decided in favor of the county. That case has been recognized as correct in several subsequent cases. See *Arnold* v. *Henry County*, 81 *Ga.* 730, 733; *Cook* v. *County of DeKalb*, 95 *Ga.* 218; *Helvingston* v. *Macon County*, 103 *Ga.* 106.

*Judgment reversed. All the Justices concurring.*