## FLEMING v. FLOYD COUNTY.

A as transferee of B brought suit against the county of F. upon account comprising various items of expenses incurred by B in going to and returning from the State of Texas, to which State B had gone as agent of the State of Georgia with requisition papers on the Governor of Texas for a prisoner, who had fled from this State, after his conviction in the superior court of the county of F., to the State of Texas, where he was arrested and incarcerated until delivered to B, the agent of the State of Georgia. *Held*, that the court below did not err in dismissing A's suit upon general demurrer filed thereto by the county, the defendant in the suit.

Argued June 19,—Decided November 18, 1908.

Complaint. Before Judge Wright. Floyd superior court. October 11, 1907.

*George A. H. Harris & Son,* for plaintiff.

*Junius F. Hillyer,* for defendant.

Beck, J. The plaintiff in error sued Floyd County on an account, which he held as transferee. The greater part of the account was for the expenses of one C. I. Harris in going to Fort Worth, Texas, and returning to Rome, Georgia, with a prisoner; the balance of the account was for the expense of one Alexander Harris, incurred in going to Atlanta, from Rome, Ga., "to have requisition papers properly issued." C. I. Harris, having been furnished with a requisition from the Governor of Georgia upon the Governor of Texas, went to Ft. Worth, received the prisoner referred to, and brought him back and delivered him to the sheriff of Floyd County. The prisoner had previously been convicted of crime in that county, had made a motion for a new trial, and to the judgment refusing a new trial had excepted, bringing the case to this court for review. Pending the hearing of the case in this court, the prisoner made an application to be admitted to bail, and was admitted to bail in the sum of $500. The Supreme Court affirmed the judgment of the lower court, but the defendant in that case failed to appear to abide final judgment of the lower court, and fled the State. Subsequently he was arrested in Texas and there incarcerated. The requisition of the Governor of Georgia having been honored, the prisoner was brought back to the State of Georgia, as above stated. C. I. Harris, who went as the agent of the State of Georgia to Texas to receive and bring back

35

the prisoner, incurred an expense to the amount stated in the account upon which this case is based. He transferred the account to the plaintiff in error, who brought suit against Floyd County on the account, setting out facts as stated in substance above. The defendant in the suit filed a general demurrer, which the court below sustained, and the plaintiff excepted.

The court below did not err in sustaining a general demurrer to the petition. The petition failed entirely to show any liability on the part of the county for which a suit against it could be maintained. "A county is not liable to suit for any cause of action unless made so by statute." Pol. Code, §341. "There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute." *County of Monroe* v. *Flynt*, 80 *Ga.* 489 (6 S. E. 173). Our attention has not been called to any statute providing that an account of the character of the one in which suit is brought in the present case may become the basis of a suit against a county.

*Judgment affirmed. All the Justices concur.*