## ABRAHAM F. RIGHTOR *v.* FRANCISCO ALEMAN.

Where it was agreed between the payee and maker of a note, that payment should not be exacted in the event of a certain action being decided against the latter, and the maker afterwards, by compromising the suit, renders the fulfilment of the condition impossible, his obligation to pay will become perfect. C. C. 2035.

The maker of a note given to the payee for surveys made by the latter at his instance, cannot resist payment on the ground that the amount was out of proportion to the value of the services rendered.   Such a case is not one in which relief can be had on the ground of lesion.   C. C. 1854, 1855, 1856, 1857.

APPEAL from the District Court of Ascension, *Nicholls,* J.

M. *Taylor,* for the plaintiff.

R. W. *Nicholls,* for the appellant.

MORPHY, J.   The defendant has appealed from a judgment rendered against him on a promissory note for $1000, which he drew to the order of the petitioner. The defence set up below, and insisted upon in this court, is error, and a failure of consideration.   We have been unable to perceive, from the evidence, that there was any error, on the part of the defendant, in executing the note sued on.   The consideration, for which it was made, is shown by a receipt produced by the defendant in the following words to wit :

" Received of Mr. F. Aleman his note for one thousand dollars, it being the price agreed upon for the surveying of the land sold by the heirs of P. Aleman to La Ferrière.   Now it is agreed that

should the survey of mine not be sustained by the courts, then I am to deliver up said note to F. Aleman; but should it be sustained, then it is to be paid in full."

A. F. RIGHTOR.

The record shows that the defendant and his co-heirs, sold to Rightor & Scuddy a plantation containing six *arpens*, on the Bayou Lafourche, by a depth of eighty *arpens*, the side lines diverging thirteen degrees more or less, &c., which plantation was afterwards sold by the plaintiff and Scuddy to La Ferrière Levesque; and that in this last sale, the defendant intervened, in his own name and that of his co-heirs, and received the notes of La Ferrière, secured by mortgage on the property, in payment of the price yet due to them by their vendees. La Ferrière having failed to pay his notes at maturity, the heirs of Pedro Aleman took out an order of seizure and sale, which La Ferrière enjoined, on the ground of an alleged deficiency in the quantity of land sold to him, exceeding one-twentieth part, and upon other grounds which it is unnecessary to notice. The defendant, in order to enable the heirs of Aleman to prosecute successfully their suit with La Ferrière, made with the plaintiff the contract which gives rise to this controversy; but, without awaiting the trial of their case, they entered into a compromise with La Ferrière, and gave him two thousand dollars; thus putting an end to the suit.

The testimony satisfies us, as it appears to have satisfied the court and jury below, that the plaintiff performed the services for which he received the note sued on. The defendant and his co-heirs, by compromising with La Ferrière, rendered impossible the fulfilment of the conditions contained in the receipt delivered by the plaintiff; the defendant's obligation to pay, thereby became perfect, and he cannot be permitted to say that the consideration had failed. Civil Code, art. 2035.

The defendant has attempted to show that the amount claimed is out of all proportion to the services rendered by the plaintiff. This defence, even if sustained by the evidence, cannot be listened to. A real consideration having been proved, the defendant cannot invalidate his own voluntary contract by showing lesion. Relief on account of lesion is a remedy which the law allows only

in certain cases, of which this is not one. Civil Code, art. 1854, 1855, 1856, and 1857.

*Judgment affirmed.*