Statement of the Case.
MONROE, J.
This suit was dismissed on an exception of “no cause of action,” and plaintiff has appealed.
Plaintiff alleges that he is a real estate broker; that defendant placed in his hands certain cypress lands and timber, with the understanding that he was to receive a commission for finding a purchaser; that he presented the George Vinson Shingle & Manufacturing Company as an interested party, and that said company obtained from defendant “a 15-day written option to purchase said lands and timber,” as per Exhibit B annexed; that defendant on the same day delivered to petitioner a written promise to pay him a commission of 2 per cent, on the price, in the event the sale should be made in accordance with said option, the promise, marked “C,” being annexed to and made part of the petition; that the representative of the Vinson Company made a preliminary examination, which was satisfactory, and on June 23, 1907, met a majority of defendant’s directors, for the purpose of signing a contract to buy; that the negotiations continued until the afternoon of June 25th, when an agreement was reached, of which rough notes were made, whereupon the parties separated, with the understanding that the notes should be reduced to a written contract, to be signed that night; that the contract was accordingly prepared, and was signed by the representative of the Vinson Company (as shown by Exhibit D annexed), and on the next day was presented to defendant’s directors for signature, but that, after delaying until June 1st, defend *460 ant’s board by final resolution refused its signature; and that, “baying thus obtained for the defendant from the said company an enforceable contract to purchase said cypress lands and cypress timber at a price and upon the terms agreed to by said defendant, he thereupon became entitled to his commission.” In the alternative, he alleges that through his efforts the parties had another meeting, on July 3, 1907, which resulted in the signing by their representatives of a contract, binding as to both, whereby defendant agreed to sell and the Vinson Company to buy the property in question (said contract being embodied in Exhibit E annexed); that the lands described in Exhibits A 1, A 2, A 3, and A 4 are the lands and timber referred to in Exhibits D and E; and that, having the second time rendered the service for which he was employed, he is entitled to his compensation as set forth in his contract, to wit, the sum of $13,750. He further alleges that he notified defendant that he would not be bound by its failure to enforce performance of its contracts and that he has made amicable demand for the payment of his commission.
Wherefore he prays for judgment for $13,-750, “with legal interest on $4,583.33 thereof, and with 6 per cent, per annum interest on $9,106.67 thereof, from June 26, 1907, or, in the alternative, from July 3, 1907, until paid.”
Exhibit B is dated June 4, 1907, and is an offer by the defendant to the Vinson Company to sell certain designated lands upon certain terms and conditions, with the following, among other, stipulations, to wit:
“We will give you 15 days, from June 10, 1907, in which to make a preliminary examination, and will furnish a guide to point out the property at the end of that period. If you will enter into an agreement to purchase on above terms and conditions, and will make a deposit of $10,000 as earnest money to complete the' sale, you will be given 75 days additional time within which to examine titles to the lands, ascertain the quantity of timber thereon, and complete the sale by signing deed and mortgage.”
The contract with plaintiff, entered into on the same day, reads:
“New Orleans, June 4, 1907.
“Mr..Numa Jordy, City — Dear Sir: In the event we sell our cypress tracts to your customers, the George Vinson Shingle & Mfg. Co., or assigns, as per our agreement of this date, or under any other agreement that we may make with them to sell, we will pay you a commission of two (2) per 'cent., payable one-third out of the cash payment, one-third in 9 months, and one-third in 12 months, from date of sale. The deferred payments to be evidenced by promissory notes, bearing 6 per cent, interest from date until paid. Under no condition is the commission to exceed $13,750. This agreement to hold good for twelve months from date hereof.
“[Signed]
“Salmen Brick & Lumber Co., Ltd.,
“By J. Salmen, Sec. & Treas.
“Accepted: [Signed] J. Numa Jordy.
“June 4, 1907.”
Exhibits D and E, referred to in the petition, purport to be drafts, not of sales, but-of agreements to sell and buy within 75 days from their respective dates, and each stipulates for a deposit of $10,000 as “earnest money.” As alleged in the petition, Exhibit D is signed by the Vinson Company and Exhibit E by both parties.
Opinion.
It will seem, from the foregoing statement, that plaintiff sues on a written contract, in which defendant says:
“In the event we sell our cypress tracts to certain parties, under a certain contract, or any other (within 12 months), we will pay you a commission, one-third from the cash portion of the price, and the balance in 9 and 12 months.”
But he does not allege that defendant ever obligated itself to him to sell under the contract referred to, or under any other contract, nor does he allege that it has sold its cypress tracts.
Nor yet, taking the exhibits annexed as controlling the language of the petition, can it be said that he alleges that his customer, the Vinson Company, has ever entered into any contract by virtue of which it could be *462 condemned, as the result of a lawsuit, to buy the property in- question. To the contrary, the very purpose of the giving and receiving of “earnest” is to allow the parties to an agreement to sell and buy to escape from those obligations by forfeiting the “earnest” or paying “the double.” Counsel for defendant say in their brief that their client is anxious to sell, but that plaintiff’s customer is unwilling to buy. So far as that is concerned, however, the defendant might be unwilling to sell, and the result would be the same, for the purposes of this case, since the language, “in the event we sell,” means:
“We may sell, or we may not. If we sell, we will pay you a commission. If we do not sell, we will not pay.”
If the owner says to the broker, “If you sell my property within 12 months for $10,-000, I will pay you a commission,” and the broker, within the time specified, produces a person who is able and willing to buy at the price named, there are many authorities that hold that he does all that the contract calls on him to do, and is entitled to his reward. But where, as in this case, the owner merely says to the broker, “If, under the option that I have given to your customer, he and I hereafter agree upon and effect an actual sale, I will pay you a commission, of which one-third shall be taken from the cash portion of the price,” there clearly is no commission earned unless there is an actual sale. The judgment appealed from is therefore correct, and is accordingly affirmed.