————o————

No. 5727.

## W. J. SONNEMAN vs. W. H. CUTTER, ET AL.

### Syllabus.

Where a real estate broker, employed by the owner, presents to the latter for acceptance an executory agreement of sale,

signed by the prospective purchaser and accompanied by the deposit of earnest money, and the owner, in accepting same, agrees to pay the broker a commission "for making sale," the broker is not entitled to his commission, if the purchaser exercises his right of withdrawing from the contract upon forfeiting his deposit to the owner.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 100,085, Hon. E. K. Skinner, Judge.

Geo. Montgomery, for plaintiff and appellee.

Merrick, Lewis, Gensler & Schwartz, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Plaintiff employed the defendant, McWilliams, as broker, to sell certain property, and Cutter, the other defendant, addressed and submitted to McWilliams the following offer to purchase:

"Dear Sir: I hereby offer, through you, to purchase the property * * *, for the sum of twenty-four hundred ($2400) dollars. * * * If this offer is accepted I will deposit in your hands ten per cent of the amount of the above offer; act of sale at my expense * * *, which I bind myself to sign and pay to vendor the purchase price, provided the title is found on examination to be good; otherwise the sale is off, and the deposit made by me shall be returned."

This offer was submitted to the plaintiff, Sonneman, who executed the following acceptance:

"I hereby accept the offer and terms made, and will pay R. McWilliams a commission of one hundred and fifty ($150) dollars for making sale."

The defendant, Cutter, thereupon deposited with McWilliams, the broker, $240, in accordance with his offer, but failed to carry out his agreement to purchase.

Plaintiff has instituted this suit against Cutter and Mc-Williams to have decreed forfeited and paid to him the deposit of $240.00 placed in McWilliams' hands under the agreement. Cutter acknowledges and acquiesces in plaintiff's claim, but McWilliams contends that he has earned his commission of $150 and is entitled to retain it out of the fund deposited with him. There was judgment below for plaintiff as prayed for and rejecting McWilliams' claim for commissions; and as the latter alone has appealed, the Court's action on the claim for commissions is the only matter before us for review.

It is apparent that the agreement of sale conferred upon the purchaser the absolute right to withdraw from his contract upon forfeiting the earnest money that he had deposited, and the question arises whether or not a broker is entitled to his commission when the prospective purchaser under such a contract has exercised this right.

The identical question was before this Court in **Loyaccano vs. Succession of Thompson, 4 Court of Appeal, 345,** and was decided adversely to the broker's claim. This decision is in line with jurisprudence of the Supreme Court as evidenced by the cases of **De Santos vs. Taney,. 13 An., 151,** and **Jordy vs. Salmen Brick & Lumber Company, 121 La., 457,** which was followed by this Court in the case of **McWilliams vs. Lyons, 5 Court of Appeal, 231;** in other words, we find our jurisprudence to · be that where, as in this case, a real estate broker, employed by the owner presents to the latter for acceptance an executory agreement of sale signed by the prospective purchaser and accompanied by the deposit of earnest money and the owner in accepting same agrees to pay the broker a commission "for making sale," the broker is not entitled to his commission, if the purchaser exercises his · right of withdrawing from the contract upon forfeiting his deposit to the owner.

157 —

We find that the lower Court properly rejected the claim of the broker, and its judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 10th, 1913.

Rehearing granted, March 10th, 1913.