No. 5887.

# ANTHONY J. ROSSI vs. SYLVESTER DEDEBANT.

## Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 99,279, Hon. Porter Parker, Judge.

A. J. Rossi, attorney.

C. I. Denechaud, for plaintiff and appellant.

P. L. Fourchy, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

We think the lower Court erred in non-suiting plaintiff on his demand against defendant for the stipulated attorney's fees he was to receive for recovering for the defendant a claim for rent due by the latter's tenant.

The contract is established by plaintiff's testimony, which is corroborated by that of a disinterested third person, a friend of the defendant, who was present at the interview wherein the agreement was made.

The defendant, whose memory appears to be quite unreliable, states that he does not recall what occurred at this interview; and his contention that plaintiff undertook to collect the rent for him without compensation finds no support whatever in the evidence beyond his bare affirmance thereof.

Suit was entered for the rent; a judgment was obtained against the tenant and execution was issued. Later plaintiff discovered that defendant, without his knowledge and consent, had made a settlement with his tenant and had entered of record with his own hand a satisfaction of the judgment. This incident, which de-

fendant fails to explain, is sufficient proof of plaintiff's performance of his contract of employment, notwithstanding defendant's denial of having received payment of the claim. See **Rightor vs. Alleman, 4 Rob., 45.** Finally, the evidence does not support the contention that plaintiff was the real tenant and consequently cannot be permitted to reap a benefit from his own failure to pay the rent. All parties have treated the party sued as such, as the real tenant, and apparently the defendant had had his claim for rent satisfied as a result of said suit.

It is accordingly ordered that the judgment be reversed and that there now be judgment in favor of plaintiff, A. J. Rossi, and against defendant, Sylvester Dedebant, in the sum of three hundred and sixty ($360.00) dollars, with interest thereon at the rate of five (5) per centum per annum from August 10th, 1911, till paid, and the costs of both Courts.

Reversed.

Opinion and decree, June 23, 1913.

Rehearing refused, July 21, 1913.