No. 7090.

## GURLEY & PARKINSON v. JULIUS LOEFFLER.

### Syllabus.

A broker employed by a vendor to negotiate a sale or exchange of property is entitled to his commission when he has found a purchaser, although the sale is never consummated owing to the fault of the vendor.

Appeal from the Civil District Court, Parish of Orleans, No. 114,995, Division "A"; Honorable T. C. W. Ellis, Judge. Reversed.

Frank W. Hart, for plaintiff and appellant.

A. D. Danziger, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiffs claim $125 as commission as real estate agents for selling a property.

They base their suit upon the following contract:

"New Orleans, La., July 28th, 1915.

"To Gurley & Parkinson Real Estate Agents,

"Dear Sirs:

"I make this offer of $4900 for the following property known as the Alfred F. Page Place at Bay St. Louis Miss., located on beach next the O'Brien property and having a frontage of 234 ft. by a depth of 833 ft. on one line coming to a point in the rear, more or less, together with all improvements thereon and all furniture and furnishings now in dwelling and other buildings thereon belonging to the said Alfred F. Page. Possession to be given October 31st, 1915, if act of sale has been passd.

424

"Terms: Purchaser to assume mortgage of $2200 and purchase insurance policy at pro-rata rate. Taxes for year 1915 to be pro rated. Total equity in Bay St. Louis property $2,700.00.

"Provided the vendor, Mr. Alfred F. Page purchase following properties in New Orleans, La. Nos. 4916-4918 Howard St., lot 30x150 ft. together with all improvements thereon; Nos. 2116-2118 Valmont St., lot 30x123 ft., together with all improvements thereon; Nos. 2120-2122 Valmont St., lot 30x 123 ft., together with all improvements thereon; all more or less. Rents to belong to the said Alfred F. Page from moment Act of Sale is signed.

"Price: 4916-4918 Howard Street $3250—mortgage $2000.00.

"Price: 2116-18 Valmont Street $2000.00.

"Price: 2120-2122 Valmont Street $2250.00— mortgage $2800;
the mortgage indebtedness to be assumed by the said Alfred F. Page, and he to purchase the Insurance policies at pro rata rates. Taxes for the year 1915 to be pro rated. Act of sale to be passed by Felix J. Dreyfous, Esq. Total equity in New Orleans property $2700.00.

"All to be subject to the consent of holder or holders of mortgage notes. Vendor in all cases to furnish all necessary certificates.

"The total valuation of the New Orleans property being $7500.00, it is understood and agreed that my agents, Messrs. Gurley & Parkerson, receive a brokerage of 3 per cent of which I promise to pay $125.00 cash at time act of sale is signed. Mr. Alfred F. Page to pay balance as agreed below.

(Signed)                    "J. LOEFFLER."

"New Orleans, La., July 28th, 1915.

"Acceptance of above is hereby authorized, and I agree to pay my agents, Gurley & Parkerson, a brokerage of $100, balance due on the New Orleans property, and in addition a brokerage of 3 per cent. on the total valuation of my Bay St. Louis property, $4,900.00, making a total brokerage due them by me of $247.00.

(Signed)                              "EDA. R. PAGE.

"I authorize my wife to sign.

(Signed)                              "ALFRED F. PAGE."

Petitioners allege that the acceptance by Mrs. Page of Loefler's offer completed the contract and that thereby they earned their stipulated commission of $125 which Loeffler had agreed to pay them—but which he refuses to pay.

They further allege that Loeffler was not the owner of the New Orleans properties he proposed to sell; that the contract sued on provided that the commission was to be paid at the time the act of sale was signed; but inasmuch as Loeffler has acknowledged his inability to carry out his contract, no act of sale will be signed, and the commission due to them is therefore now due and exigible.

Defendant admitted signing the contract, but denied any liability, averring that the plaintiffs undertook to obtain the abstract of title of Mrs. Page's property at Bay St. Louis, but so delayed until the storm of September 29th, 1915, intervened and did considerable damage to the property; that inasmuch as Mrs. Page was unable to deliver her property in the condition in which it was at the date of the signing of the contract to sell, and that the commission was not to be due until the act of sale was signed, defendant is not indebted to plaintiff.

426

There was judgment for defendant dismissing plaintiffs' demand and they have appealed.

The jurisprudence of this State is settled that a broker cannot claim a commission for selling a property unless the sale is actually consummated. 2 *R.*, 64, 163; 13 *An.*, 151; 121 *La.*, 457; 132 *La.*, 817; 5 *Ct. App.*, 231; 61 *U. S.*, 221.

But the rule is different where the completion of the sale was prevented by the defendant. *C. C.* 2040 (2035); 1 *An.*, 5; 2 *An.*, 624; 6 *An.*, 398, 26; 36 *An.*, 386; 4 *Ct.* App., 65, 345; 20 *How.*, 221 (227); 4 *Rob.*, 45; 63 *U. S.*, 69.

> "A broker employed to negotiate a sale or exchange of property is entitled to his commission when he has procured a customer ready and able to contract on the terms fixed by the principal, although, owing to the refusal or inability of the latter to complete the contract, the transaction be never actually accomplished." 4 *Am. & Eng. Enc. Law*, 975 (6); 976 (7).

> "It is a rule common to all the conditions of obligations, that they must be considered as fulfilled, whenever the debtor who has bound himself under that condition has prevented the fulfillment of it." *Pothier on Obligation*, § 212.

> *C. C.* 2040 (2035): "The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it." *C. N.* 1178; *Code of* 1808, *Art.* 78, *p.* 275; 3 *La.*, 501.

There is no doubt that the plaintiffs brought about the agreement to sell between Loeffler and Mrs. Page. Whose fault was it that it was not consummated into a sale? The plaintiffs say it was Loeffler's. Loeffler declares it was the act of God that damaged Page's property. We believe the

427

plaintiffs are right, and that Loeffler's defense is an afterthought. There were two obstacles in Loeffler's way of fulfilling his contract. The first was that in addition to the two mortgages mentioned in the agreement of sale there was a third of $400 which Loeffler could not raise. He gave no other reason to Parkinson for failing to complete the sale. The other reason is that he was not the registered owner of the properties he proposed to sell. After the storm had done its damage in Bay St. Louis, and Loeffler was being pressed, day in and day out, by Mr. Page and his attorney, Mr. Parkinson, who all called at his house to complete the sale and "bothered the life out of him", he wrote the following letter to Messrs. Beauregard & Wright, attorneys for Mr. Page:

"New Orleans, Nov. 2nd, 1915.

"Dear Sirs:

"The Cosmos Realty Co., owners of the property on Howard and on Valmont streets, have advised me that they are unable at present to finance any proposition. Under these circumstances, I cannot carry out my offer to Mr. Page.

"Yours respectfully,

(Signed) "J. LOEFFLER."

The Cosmos Realty Company was the registered owner of the properties Loeffler offered to sell to Mrs. Page.

Loeffler testified he believed he could control the action of the Company. Either that was true or it was not true. If not true, he was not in a position to make the sale. If true, his letter indicated an inability or unwillingness to make the sale.

428

The evidence concerning the effects of the storm upon the Page property is meager and unsatisfactory. It consists of Loeffler's testimony, as follows:

> Q. What part has Mr. Page refused to carry out?
> A. His property was destroyed by the storm.
> Q. Was it entirely destroyed?
> A. I don't know whether it was entirely destroyed, but it was considerably damaged.

There is no reliable evidence that the damage done to the Page property by the storm was the cause of Loeffler's refusal to complete the sale.

We have therefore come to the conclusion that the final passage of the act of sale was prevented by the fault of Loeffler, and that he cannot take advantage of it to the injury of the plaintiffs.

It is therefore ordered that the judgment of the District Court be reversed and that there now be judgment in favor of plaintiffs, Gurley & Parkinson, and against Julius Loeffler for one hundred and twenty-five dollars, with legal interest from January 14, 1916, till paid, and all costs of suit.

Opinion and decree, June 11th, 1917.