145 So. 771

## SPORL v. NEW YORK INDEMNITY CO.

### No. 31743.

Nov. 28, 1932.

Rehearing Denied Jan. 30, 1933.

C. A. Sporl, Jr., and Robert G. Polack, both of New Orleans, for appellant.

J. C. Henriques and William W. Ogden, both of New Orleans, for appellee.

LAND, J.

Plaintiff has sued defendant company for a commission of $8,895.92, alleged to be due on workmen's compensation and public liability risks secured by plaintiff for defendant company, under a general agency contract to represent defendant company for the purpose of securing insurance in the city of New Orleans and vicinity, including a number of parishes in this state.

Defendant company filed an exception of no cause of action to plaintiff's petition, and, from the judgment maintaining this exception, plaintiff has appealed.

The general agency contract upon which plaintiff sues was entered into by the parties on February 9, 1925, to take effect as of April 1, 1925, and to continue in operation and effect until April 15, 1926, when it was canceled by mutual consent.

Accepting as true the well-pleaded allegations of fact in plaintiff's petition, for the purpose of disposing of the exception, we have the following state of facts:

Plaintiff at all times, between the inception of the contract and its termination, fulfilled all of his obligations thereunder, and more particularly his obligation to canvass thoroughly and efficiently the territory allotted to him, and to submit all casualty risks procured by him to defendant company.

In the performance of his obligations, under the contract, plaintiff secured and submitted to defendant company, between April 1, 1925, and April 15, 1926, workmen's compensation and public liability risks, the net premiums of which amounted to the sum of $118,612.24.

Notwithstanding full and complete performance on the part of plaintiff of his obligations under the contract, defendant company arbitrarily refused to insure the risks as they were from time to time submitted to it, while requiring plaintiff to continue to submit the risks to it under the terms of the general agency contract, in violation and breach of the letter and spirit of that contract.

As a result of defendant's unwarranted and unreasonable refusal to insure the risks submitted, plaintiff was forced to place this insurance with various general agents of other casualty insurance companies, receiving from these general agents only 10 per cent. of the net premiums collected by him, instead of the 17½ per cent. of the net premiums on compensation insurance, and 17½ per cent. of the net premiums on public liability insurance, instead of the 25 per cent. which plaintiff would have received from defendant company had the company complied with its agreement.

As a result of defendant company's unwarranted and unreasonable violation of the contract in refusing to insure the risks submitted to it, plaintiff suffered loss to the extent of the difference between a commission of 17½ per cent. and a commission of 10 per cent. of the amount of the net premiums on workmen's compensation insurance, and the difference between 25 per cent. commission and 17½ per cent. commission of premiums on public liability insurance, or, in other words, the sum of $8,895.92, or 7½ per cent. of the aforesaid net premiums.

▮ In our opinion, plaintiff has sufficiently set out a cause of action in his petition against defendant company.

It is true that defendant company reserved in its contract with plaintiff "the right at any time without previous notice to withdraw authority from the agent to write any classifications of risks or classes of insurance."

While a reservation of this character is general enough to include the right to refuse individual pieces of insurance, and is a valid restriction under well-considered cases, yet contracts are to be construed in a reasonable way. It is not to be supposed that either party to the contract in this case contemplated that plaintiff was to support himself and travel at his own expense procuring risks for defendant company, and that the company should be at liberty to reject these risks in globo whenever it should see fit, without compensating plaintiff or even reimbursing him his actual expenses.

If defendant company desired to exercise its right to reject all of the risks secured for it by plaintiff, it should have notified plaintiff in the beginning that the risks he was then procuring were not wanted, and would not be accepted by the company at all in the future. Had defendant company done so, plaintiff would have been given full and fair opportunity to protect himself by entering into a general agency contract with some other insurance company that was willing to take such risks. Plaintiff cannot be compelled by defendant company, without notice, to expend his time, his services, and his money fruitlessly in securing risks not desired by the company, and is entitled to recover the commissions sued for in the present case, notwithstanding the provisions in the contract that the agent is to receive "a commission on the net premiums collected and received by the agent," and that "the commissions herein provided are to be paid only on such policies as are actually issued within the period during which this agency continues * * *." Paragraphs 6 and 9 of the contract.

Any other construction placed upon the contract would strike it with nullity as containing a potestative condition. It is elementary, however, that when a contract is capable of two interpretations, one of which will save it and the other condemn it, that interpretation must prevail which will save the contract.

▮ 2. It is true that plaintiff's suit for commissions has been brought nearly five years after the commissions became due, but this delay does not affect plaintiff's cause of action, since no prescription has been pleaded by defendant company.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the exception of no cause of action be overruled; that this suit be remanded to the court below; that it be reinstated on the docket of the court, and proceeded with in due course; and that defendant company pay all costs.