31605.  TRAVELERS INSURANCE CO. *v.* HARRINGTON.

DECIDED OCTOBER 4, 1947.

762

*Reese, Bennet & Gilbert,* for plaintiff in error.

*Jack J. Lissner Jr.,* contra.

MACINTYRE, P. J. ■ In his brief the plaintiff maintains that the petition shows that he was authorized to solicit the policy written by the defendant; that he did solicit the policy; that he was the procuring cause of the sale of the policy; and that the policy written originated from and was carried to a conclusion by the petitioner.

The plaintiff had no authority to make, alter, vary, or discharge any policy contract, but was a soliciting or special agent with authority to solicit applications for insurance and to offer all such applications to the company. He was an agent of the defendant company. *Globe & Rutgers Fire Insurance Co.* v. *Walker,* 150 *Ga.* 163 (103 S. E. 407); Code, § 56-502. In the contract it is provided that the defendant will pay the plaintiff on premiums paid to the company as full compensation on policies issued on applications secured by or through the agent.

The only question for determination by this court is whether or not the petition is sufficient to resist a general demurrer. While considering the issues here involved, we shall bear in mind the rule that a general demurrer to the petition should not be sustained and the suit dismissed because the plaintiff would not be entitled to recover all he asks; if the petition sets up a good cause of action as to any portion of his demand, it is sufficient to resist a general demurrer. *Douglas, Augusta &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600).

Assuming the allegations of the petition to be true, the plaintiff agent solicited an application for insurance he was authorized to solicit and submitted such application to the company. The defendant contends that under the contract it is obligated to pay the plaintiff only on policies issued on applications secured by or through the plaintiff. We do not construe the contract of employment in that manner.

In entering upon the engagement it is not to be doubted that both parties expected that the act of the plaintiff in forwarding applications for insurance would be followed by bona fide action on the part of the defendant upon the risk. It is not to be supposed that either party to the contract contemplated that the company should be at liberty to reject the applications submitted ·by the plaintiff without cause. That the client of the plaintiff was a good risk is shown by the fact that the company issued the same policy to the client upon the solicitation of an insurance broker in another State. We are of the opinion that the plaintiff was entitled to have the application in question treated in good faith and seriously considered, in reference to its desirability as a risk to be assumed, from the standpoint of the interest of the company; in other words, he was entitled to action, not disregard or evasion.

The logical conclusion to be drawn from the pleadings is that the defendant did not act upon the application on its merits within the meaning of the contract. The plaintiff had performed all the conditions of the contract, and the defendant company could not arbitrarily refuse to insure the risk submitted on the application of the plaintiff without cause and immediately thereafter insure the same risk submitted on the application of another broker and pay the commissions for the solicitation of the insurance contract to the latter. Sporl v. New York Indemnity Co., 176 La. 363 (145 So. 771); Madden v. Equitable Life Assur. Soc. of the United States, 11 Misc. 540 (32 N. Y. Supp. 752); Lanowah Inv. Co. v. John Hancock Mut. Life Ins. Co., 236 Mo. 1062 (162 S. W. 2d, 307). The petition is sufficient to resist the general demurrer.

■ The defendant insists that the contract of employment does not authorize the plaintiff to solicit or receive commissions on the sale of group insurance. We recognize the fact that group insurance is not the same type or form as wholesale insurance. 44 C. J. S., Insurance, § 15, n. 81. In his petition the plaintiff alleged that he solicited wholesale insurance and group accident and sickness insurance with St. Marys Kraft Corporation; that St. Marys Kraft Corporation purchased from defendant the wholesale insurance contract; and that defendant with full and complete knowledge of plaintiff's solicitation of said wholesale insur-

ance and group accident and sickness policy did accept the solicitation of the policy from an insurance broker of New York City.

Even if the plaintiff was not authorized to solicit applications for group insurance, he was authorized by the contract to solicit wholesale insurance, and, under the ruling in the preceding division, the plaintiff was entitled to have the company act on the merits of the application for wholesale insurance which he submitted.

■ The defendant also contends that the petition is subject to general demurrer for the reason that "the designation of a broker or agent by an insured for the purpose of throwing to such broker commissions on the writing of insurance coverage is a right which rests wholly with the insured and over which the insurance company (defendant) has no control." The defendant points out that the election by the insured to appoint or designate a particular broker through whom and through whom alone it will purchase its coverage renders the insurer free from any liability to other brokers or agents who might also have been working on the solicitation of the writing of the risk.

While there is authority for this view (Beidler and Brookmyer v. Universal Insurance Company, 134 Fed. 2d, 828; Clinchy v. Grandview Dairy, 283 N. Y. 39, 27 N. E. 2d, 425), this is purely a defensive matter and can not be considered on general demurrer. The petition does not affirmatively disclose facts which would demand a conclusion that such was the reason for the refusal of the defendant to pay the plaintiff for the commissions alleged to have been earned.

The judge did not err in overruling the demurrers.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*