BARNETTE, Judge.
Plaintiff appeals from a judgment sustaining a motion for summary judgment in favor of Liberty Mutual Insurance Company, one of the defendants in the suit. Plaintiff’s suit arose out of injuries he allegedly sustained as a result of a collision at the intersection of Chef Menteur Highway and Michoud Boulevard between the automobile in which he was a passenger and an automobile owned and driven by Joseph W. Bennett. By supplemental and amending petition plaintiff joined as defendants Keller Construction Corporation and Liberty Mutual Insurance Company alleging that Bennett was an employee of Keller acting within the scope of his employment at the time of the accident and that Liberty Mutual was the insurer of Keller.
Liberty Mutual’s motion for summary judgment was supported by an affidavit by its claims supervisor declaring that the only liability policy issued to Keller was a comprehensive general liability policy, and a certified copy of the policy was attached to the affidavit. In support of its motion defendant pointed out that the policy which it had issued did not apply to automobile accidents by virtue of a specific exclusion in the policy.
On this appeal, plaintiff has sought to bring the accident within the terms of coverage in the policy on two alternative arguments. In support of the first argument, plaintiff quotes that portion of the policy which purports to exclude automobile liability from the coverage: “This policy does not apply: * * * to the ownership, maintenance, operation [or], use * * * of * * * automobiles if the accident occurs away from such premises or the ways immediately adjoining * * * ” (emphasis added). It is plaintiff’s contention that the accident which is the subject of this litigation was on “such premises or the ways” and hence was an exception to the exclusion. To support the contention as to the premises plaintiff relies on other provisions of the policy relative to declarations. Under Item 4 of the policy appears the notation “Location of all premises owned, rented or controlled by named insured * * * See Pages 3-6”. On page 3 of the policy there is a column headed “Division 1 — Premises— Operations” (emphasis in the original). Under this heading there appears “LA.: New Orleans”. Plaintiff argues that this language has the effect of making the “premises” of the exclusionary clause the entire City of New Orleans, and thus extends coverage to automobile accidents on its streets and ways.
To extend plaintiff’s argument to its ultimate conclusion the policy would also cover any accident within the State of Louisiana because of the notation “LA.” in the same column or within the State of Mississippi since further on in the same column the notation “MISS.” appears. However, it is not necessary to rely on the absurdity of an extension of plaintiff’s contention in order to defeat his argument. The language on which he relies reveals that the notation “New Orleans” refers to the “Location of all premises * * * ” to which the declarations apply (emphasis added). Moreover, the pages on which the notation appears contain a listing of the various projects or operations which the insured had underway in Louisiana and Mississippi with corresponding columns indicating premium rates and coverage relative to each. Thus the provision in regard to the declarations was merely a listing of the various project locations to which coverage applies, and not a stipulation that the City of New Orleans or the states of Louisiana or Mississippi were premises covered.
*712 Plaintiff’s second attempt to bring the accident within the coverage of the policy is based on the following language within the exclusion clause: “ * * * except with respect to liability assumed by the insured under a contract as defined herein * * Plaintiff argues that since Bennett was driving his own car on company business it must have been by virtue of some sort of contract between himself and Keller, his employer. The answer to this argument can be found in the definition of a contract in the policy: “The word ‘contract’ means, if in writing, a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement, or elevator or escalator maintenance agreement.” Clearly the exception on which plaintiff relies pertains only to written contracts of certain specified types. Automobile hiring or leasing contracts are not within the definition, nor has plaintiff shown any writing to establish a contract.
Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. LSA-C.C. art. 1952; Amercan Mfg. Corp. v. National Union Fire Ins. Co., 203 La. 515, 14 So.2d 430 (1942); Sporl v. New York Indem. Co., 176 La. 363, 145 So. 771 (1932); 17A C.J.S. Contracts § 319 (1963).
There is nothing ambiguous in the insurance contract in question and any other construction than that which we have given it would lead to an absurdity.
The motion of summary judgment was properly maintained dismissing plaintiff’s suit against the defendant, Liberty Mutual Insurance Company
The judgment appealed from is affirmed. Plaintiff is to pay the cost of this appeal.
Affirmed.