DeSONIER, Judge.
Plaintiff filed suit against defendant for $50,000 which it asserts defendant owes pursuant to a brokerage contract for the sale of corporate stock. Plaintiff alternatively seeks damages on a quantum meruit basis.
Defendant filed exceptions of no cause of action and prematurity, both of which were maintained by the district court. Plaintiff appeals from the dismissal of its suit.
For the purpose of an exception of no cause of action, the facts well pleaded in *558 the petition must be accepted as true.[1] The facts set forth are that on January 30,1974 defendant agreed to pay plaintiff $50,000 as a finding and servicing fee if it procured the consummation of the sale of the stock of defendant’s wholly owned subsidiary, Security Guaranty Life Insurance Company. Plaintiff negotiated a sale for the stock with one Ronald E. Smith and forwarded a copy of the proposed purchase agreement to plaintiffs agent. On April 14, 1975 plaintiff’s agent delivered a $10,000 deposit on the sale to defendant in Denver, Colorado. Plaintiff’s agent sought to obtain defendant’s signature .on the final purchase agreement. The agreement required some modification with regard to representations made with regard to the stock in question, and defendant agreed to make the required revisions and send the final agreement to New Orleans for Smith’s signature.
On April 24,1975, defendant’s attorney in Denver forwarded a stock purchase agreement which contained the following statement:
“Buyer further represents that he has not had any deals with, nor has he been influenced by the firm of Associated Executive Control, Inc., 1501 American Bank Building, New Orleans, Louisiana, or any of its agents, or P. D. V. de la Barre in connection with the transaction contemplated by this Agreement. On the basis of such representation, Seller agrees to pay any valid claim of Associates Executive Control, Inc. or F. D. V. de la Barre for a finder’s fee or brokerage fee, commission or other compensation on account of Seller’s dealings with such persons in connection with the transaction contemplated by this Agreement and to indemnify, defend and save Buyer harmless from any such claim.”
The petition alleges Smith could not in good faith make the representation required in the quoted statement, so the contract was never signed and the transaction was never consummated.
Defendant relies almost exclusively on the wording of the contract between it and plaintiff and heavily relies on language which states the commission would only be owed plaintiff upon consummation of the sale. The agreement provides, in pertinent part, as follows:
“We (Bankers Union) agree to pay you (Associated) a consulting, finding and servicing fee totalling $50,000 in the event that a sale is consummated for all of the stock of Security Guaranty Life Insurance Company (‘Security Guaranty’) which is owned by Bankers Union Life Insurance Company as of this date, in the event that you are a moving force in the consummation of a transaction which is acceptable[1] in the full and absolute discretion and approval of Bankers Union Life Insurance Company. It is expressly understood that there are no exclusive rights granted by this letter for you to seek out and find a buyer, and Bankers Union Life Insurance Company shall be totally free to seek out a buyer independently of any efforts by you.
In the event that such sale is consummated, which shall mean that the matter has been closed and all other aspects of the same shall be completed to the satisfaction of the company, then one month thereafter the aforementioned fee shall be due and payable to you.”
The terms of the agreement leave little doubt regarding the intent of the parties. Plaintiff was to be paid a fee if it were a moving force in the “consummation” of a sale in a transaction which was acceptable at the full and absolute discretion and satisfaction of defendant. The contract does not provide plaintiff receives a fee upon either finding a purchaser or upon execution of preliminary contracts. It clearly provides plaintiff is entitled to a fee only when the sale of the stock has been completed.
Payment to plaintiff of a fee was subject to a suspensive condition, and the obligation cannot be enforced until the condition occurs. Article 2021, Louisiana Civil Code, provides:
*559 “Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.” LSA -C.C. Art. 2021.
Article 2043, Louisiana Civil Code, provides:
“The obligation contracted on a suspen-sive condition, is that which depends, either on a future and uncertain event, or on an event which has actually taken place, without its being yet known to the parties.
In the former case, the obligation can not be executed till after the event; in the latter, the obligation has its effect from the day on which it was contracted, but it can not be enforced until the event be known.” LSA-C.C. Art. 2043.
In Sugar Field Oil Co. v. Carter,[2] defendant sellers agreed with plaintiff broker that if the broker procured a willing purchaser defendant would negotiate and consummate the sale and plaintiff would be paid “if and when such sale was consummated.” The trial judge dismissed the plaintiff’s suit as premature, and the Supreme Court affirmed, holding that the contractual claim was premature because plaintiff’s right to recover was predicated on the consummation of the sale of the property to the purchaser obtained by it.
Likewise, in Jordy v. Salmen Brick & Lumber Co.[3] the defendant seller granted a prospective purchaser an option to buy timberland. Because the parties had been introduced by plaintiff broker, seller entered into an agreement providing that in the event of the sale of the property within 12 months, plaintiff broker would be paid a commission. The prospective purchaser and seller agreed orally on the terms of a contract to sell, but seller refused to sign a written contract and the option expired. The written contract was later executed between the parties, and $10,000 in earnest money was deposited. Nevertheless, the sale was never consummated. Broker sued for his commission, and the lower court maintained defendant’s exception of no cause of action. The Supreme Court affirmed, noting that plaintiff’s petition did not allege defendant obligated itself to sell the property or that the property was ever sold. On the contrary, the Supreme Court maintained the exception of no cause of action because the contract provided plaintiff would receive a commission only in the event the property was sold. Because the property was not sold, plaintiff was therefore not entitled to a commission.
In both the cited cases, the commission was conditioned upon the actual sale of the defendants’ property. Defendants in both cases carried out their own negotiations and they were under no obligation to sell the property. In both cases the defendants entered into preliminary contracts, one an option and the other an agreement to sell. Because the commission agreements in each case were subject to a suspensive condition that the properties be sold before the commission was earned, the Supreme Court denied recovery. In the case now before the court defendant neither executed a preliminary agreement nor consummated a sale of the stock in question. We therefore hold plaintiff’s suit to enforce an obligation contracted on a suspensive condition before the occurrence of the condition is subject to defendant’s exceptions of prematurity and no cause of action.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. See Sporl v. New York Indemnity Co., 176 La. 363, 145 So. 771.

. 207 La. 453. 21 So.2d 495.

. 121 La. 457. 46 So. 572.