54   25
95   220

CULLIN COLLINS, plaintiff in error, *vs*. WILLIAM J. HUDSON *et al*., commissioners, etc., defendants in error.

1. Under sections 669, 670, 671 and 691 of the Code, when a suit is brought against a county for damages *caused by a want of proper repairs to a public bridge*, it should appear that the bridge was erected by letting it out to the lowest bidder, and that no bond was taken from the contractor faithfully to perform his contract, and to indemnify for all damages occasioned by a failure so to do, *and to keep the bridge in good repair for seven years, and for such further time as may be embraced in the contract*—and both of these facts should be alleged in the declaration.

2. In counties whose fiscal affairs are by law committed to a board of commissioners, suits against the county may be brought against such board, and service perfected by serving a majority of the commissioners.

County matters. Roads and bridges. Service. Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1874.

Collins brought case against Hudson and others, commissioners of roads and revenues of the county of Harris, for $20,000 00 damages, alleging that on May 10th, 1866, the justices of the inferior court of said county employed one Joseph Weldon to build a bridge over Shoal creek, on the road leading from New Hope to West Point; that said justices failed to take bond and security from Weldon, conditioned faithfully to perform his work and keep the bridge in repair; that the defendants failed to keep the bridge in repair, by reason of which the timbers had become rotten and insufficient; that on April 25th, 1873, the plaintiff, with his wagon and team, was crossing said creek on said bridge, when, by reason of its defective condition, the timbers gave way, precipitating the plaintiff into the creek, breaking and fracturing his right leg to such an extent as to render amputation necessary.

Service was acknowledged by each of the defendants as commissioners, etc.

Upon demurrer the suit was dismissed, and the plaintiff excepted.

E. H. WORRILL; J. T. BLOUNT; H. C. CANNON, for plaintiff in error.

J. M. MOBLEY; L. L. STANFORD; BLANDFORD & GARRARD, for defendants.

TRIPPE, Judge.

1. The action was brought to recover damages caused by want of proper repairs to a public bridge. There was no allegation in the declaration that the bridge was erected by a contract made with the builder under a letting out to the lowest bidder, and that no bond was taken from such contractor to keep it in repairs for seven years, etc. It is only in cases where the bridge is thus let out, that a bond may be required of him to keep it in good repair for at least seven years, or that any bond at all to keep it in repair for any period, can be

Collins *vs.* Hudson *et al.*

required : Code section 671. If the bridge is otherwise built, that is, under a contract other than by being let out to the lowest bidder, the bond is simply for the faithful performance of the work and contract, and to indemnify for all damages occasioned by a failure so to do. This bond is also to be given by one who builds as the lowest bidder, with the further condition that he will keep the bridge in good repair for at least seven years, and as many more years as the contract may embrace. This is the only consistent construction that can be given to sections 670 and 671 of the Code. By section 691, it is provided that *on failure* to take these bonds, the county is liable for damages that may accrue, and for which the builder would have been responsible had the bond been executed. This is the construction given to these sections in *Scales vs. The Ordinary, etc.,* 41 *Georgia,* 225. The damage suffered by plaintiff was occasioned by the bad condition of the bridge for want of repairs, several years after it was built. There is no statement in the declaration meeting the condition necessary to be shown, to make the county liable. A demurrer was filed, and an opportunity to amend given, but plaintiff declined to amend. There was no error under these facts, in sustaining the demurrer.

2. A proper construction of the act of 1872, Code, section 492, permits suits against a county to be brought against the board of commissioners thereof, where the fiscal affairs of the county are by law committed to such a board. This is the most reasonable interpretation of that act, for otherwise, the action would proceed against the ordinary, whilst service could be perfected by serving a majority of the commissioners, and whilst, also, such commissioners would be the only authority to meet the expenses of the litigation, or to discharge any judgment that might be obtained. By a slight transposition of words, such a meaning is pretty clear, and even that is not necessary to sustain the construction we give it.

Judgment affirmed.