### THE COUNTY OF MONROE *vs.* FLYNT.

1. The liability of counties to be sued for damages is entirely statutory. They were not so liable at common law.
2. Where a county let out the contract for building a bridge to the lowest bidder, but took no bond from the contractor, and the injury complained of occurred ten years after the time of building the bridge, there was no legal liability on the part of the county because of such injury.

April 11, 1888.

Counties. Damages. Bridges. Before Judge BOYNTON. Monroe superior court. February term, 1887.

Reported in the decision.

T. B. CABANISS, by HARRISON & PEEPLES, for plaintiff in error.

ROBERT L. BERNER, *contra.*

BLANDFORD, Justice.

The question made by the record is, whether, seven years having elapsed after the erection of a bridge, which had been let out to the lowest bidder by the county authorities, no bond having been taken by the latter as required by the statute, the county is liable for damages caused by the defective condition of the bridge.

1. The liability of the county to be sued for damages is a statutory liability. There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they cannot be sued except where it is so provided by statute.

2. In relation to bridges, there are several sections of the code which are applicable. By section 670 of the code it is provided, that "the ordinaries of the several counties have authority to appoint the places for the erection of public bridges, . . and to make suitable provision for their erection and repairs by letting them out to the lowest bidder, hiring hands, or in any other way that may be for the public good and agreeable to law"; and "to require sufficient bond and good security for the faithful performance of all such works and contracts, and to indemnify for all damages occasioned by a failure so to do." Section 671 provides that, "when a public bridge . . is let out, the contractor must, in his bond, make a condition also to keep it in good repair for at least seven years, and as many more years as the contract may be for." Section 690 provides, that "any proprietor of any bridge, . . . whether by charter or prescription or without, or whether by right of owning the lands on the stream, is bound to prompt and faithful attention to all his duties as such; and if any damage shall occur by reason of non-attendance, neglect, carelessness or bad conduct, he is bound for all damages, even if over and beyond the amount of any bond that may be given." Section 691 provides, that "the provisions of the preceding section apply to all contractors for the establishment of such, when damages accrue from a want of good faith in performing their several contracts, and if no bond or sufficient guaranty has been taken by the ordinary, the county is also liable for damages."

We think the proper construction of these sections of the code is, that the contractor is liable for any damage that may be done to persons who are injured by reason of a defective bridge; and where the county authorities fail to take a bond or sufficient guaranty, the county is also liable. The liability of the contractor is to keep the bridge in good repair for seven years, whether he gives a bond for that purpose or not; and the liability of the county does not extend beyond that. In this case, it appears that the contractor built the bridge and that the injury complained of occurred ten years or more after the bridge was built. We therefore think that after the expiration of the seven years, the contractor not being liable, the county is not liable; and the judge in the court below committed error in holding, as he did, that the county was liable.

Judgment reversed.