## HELVINGSTON *v.* MACON COUNTY.

Under the facts of the present case, it was error to grant a nonsuit.

Submitted October 20, — Decided November 27, 1897.

Action for damages. Before Judge Littlejohn. Macon superior court. May term, 1897.

*W. T. Lane, L. C. Greer* and *Hixon & Callaway*, for plaintiff.
*R. L. Greer, Hooper & Crisp* and *J. A. Edwards*, for defendant.

SIMMONS, C. J. It appears from the record, that the County of Macon had built, or caused to be built, a bridge over Camp creek. The evidence indicates that there were two portions of the bridge, one over the main stream and the other over a slough. This was done in 1882 or 1883. More than seven years thereafter, both portions of the bridge were washed away, one washed away entirely and the other so much so that it was impossible to cross it in a vehicle or on horseback, and difficult to cross on foot. The county authorities employed Joiner to rebuild the bridge. He did so by making an entirely new bridge over the main stream, and by replacing the arches of the bridge over the slough and putting in "some new sleepers, a new top, new banisters, and some abutting boards." At the direction of one of the county commissioners, he used some of the old sleepers in rebuilding the bridge over the slough. These sleepers Joiner thought were insufficient and defective, but he doubled them so as to make them as strong as their defective condition would permit. In November, 1894, while the plaintiff was crossing, on a wagon loaded with cotton, that portion of the bridge which was over the slough, it fell in by reason of the weakness and rottenness of the timbers, and plaintiff was thereby injured and damaged. She brought suit against the county, and on the trial of the case the judge, after hearing the facts, granted a nonsuit.

Under the facts above recited, we think the court erred in granting the nonsuit. We think the question should have been submitted to a jury, for them to determine from the evidence whether that portion of the bridge which fell in and injured the plaintiff was rebuilt by the county authorities, or

simply repaired by them. If it was only repaired by Joiner, the erection of the bridge would date from 1882 or 1883 when it was first built, and the county would not be liable, because more than seven years had elapsed from the building to the time of the injury to the plaintiff. *Scales* v. *Chattahoochee County*, 41 *Ga.* 225; *County of Monroe* v. *Flynt*, 80 *Ga.* 489. If, on the other hand, the bridge was rebuilt and was practically a new bridge, and the county did not let out the building of such bridge to the lowest bidder, as authorized by law, taking from him a bond of sufficient guaranty, but instead had it built at their own direction and without taking such bond, the county would be liable to the plaintiff for such injuries as she may have sustained, even though the act of 1888 (Political Code, § 603) were not of force. That act is applicable to bridges built since its passage. *Counties of Bibb and Crawford* v. *Dorsey*, 90 *Ga.* 72. If this bridge was built by Joiner, this act, which we think constitutional, would be applicable, and the county primarily liable to the plaintiff.

*Judgment reversed. All the Justices concurring.*