## WILLINGHAM *v.* ELBERT COUNTY.

1. The act of December 29, 1888, to amend section 671 of the Code of 1882, the provisions of which now appear in Political Code, § 603, has no application to " public bridges over watercourses which divide one or more counties from each other," and consequently the section last mentioned does not apply to such bridges.

2. This being so, it is still the duty of county authorities, when contracting for the erection of a bridge of this kind, to require a bond of the contractor as prescribed in section 369 of the Political Code ; and it results that a petition against a county for damages resulting from an improperly constructed county-line bridge is fatally defective unless it alleges that the county authorities failed to take such a bond.

　　　　Submitted March 2,—Decided March 25, 1901.

Action for damages. Before Judge Proffitt. City court of Elberton. February 15, 1900.

*I. C. Van Duzer* and *C. P. Harris*, for plaintiff.
*J. N. Worley* and *W. D. Tutt*, for defendant.

LEWIS, J.　Mrs. Lottie Willingham brought suit for damages against Elbert county, in the city court of Elberton. Her petition

sets forth various acts of negligence on the part of the county in the construction of a bridge over Broad river, a watercourse dividing Oglethorpe and Elbert counties, as a result of which her husband lost his life. It does not appear from the petition whether the bridge in question was constructed jointly by the counties of Elbert and Oglethorpe, or by Elbert county alone; nor does it appear whether or not a bond was taken from the contractor who built the bridge, as required by section 369 of the Political Code. To this petition the defendant demurred on the ground "that the liability of a county being statutory, and no statutory liability being set forth in said petition, said petition, setting forth no legal cause of action, should be dismissed." The court below sustained the demurrer; to which ruling the plaintiff excepts.

1. "A county is not liable to suit for any cause of action unless made so by statute." Political Code, § 341. The present case seems to be predicated upon section 603 of the Political Code, which relates to the bond to be taken by a county from a contractor who shall build for it any public bridge, ferry, turnpike, or causeway, and the last clause of which provides "that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities." That section is a codification of § 671 of the Code of 1882, as amended by the act of December 29, 1888. Acts 1888, p. 39. That section, however, dealt only with bridges built wholly within the limits of the county constructing them, and had no reference to "county-line" bridges, provision for which was made by the act of August 8, 1881, as embodied in the Political Code, §§ 367–371. In support of this position, and for a complete argument on the identical question which we now have under review, we refer to the opinion of Presiding Justice Lumpkin in the case of *Forsyth County* v. *Gwinnett County*, 108 *Ga.* 512, where it is clearly made to appear that section 603 of the Political Code has no application to "county-line" bridges.

2. It follows from the above that it is still the duty of county authorities, when contracting for the erection of a bridge over a stream dividing two or more counties from each other, to require the contractor to give bond as laid down in section 369 of the Political Code. Failure to comply with this provision of the law would unquestionably render the county liable; but it is necessary that

such a failure be made to appear in the petition by which suit is brought, before a recovery can be had. "A county is not liable to suit unless there is a law which in express terms or by necessary implication so declares." *Millwood* v. *DeKalb County*, 106 *Ga.* 743. No such law is invoked in this case. The plaintiff's petition itself shows that the alleged defective bridge was one over a water-course separating two counties, and no claim is made that the county failed to take a bond from the contractor who built the bridge. This omission was a fatal defect, and we are therefore compelled to affirm the judgment of the court below.

*Judgment affirmed. All the Justices concurring.*