## WARREN COUNTY *v.* EVANS.

1. The act of December 29, 1888 (see Pol. Code, § 603), does not apply to bridges built before its passage, unless they have since that time been practically re-built.  Whether the work done on them was merely a repairing, or amounted to a rebuilding, is a question of fact for the jury.
2. County authorities are not insurers of the safety of county bridges, but are only bound to exercise ordinary care in maintaining and repairing them.

Submitted May 6, — Decided June 3, 1903.

Action for damages.   Before Judge Holden.   Warren superior court.   August 30, 1902.

*E. P. Davis,* for plaintiff in error.   *Evans & Evans,* contra.

SIMMONS, C. J.   In 1884 the people of a certain neighborhood in Warren county erected a bridge over Camp Creek.   In Novem-ber, 1888, the board of roads and revenues of the county, by an or-der entered on their minutes, received and adopted this bridge as a county bridge.   Some time thereafter, perhaps in 1892, the bridge was washed away or largely damaged by a freshet.   Whether its destruction was partial or practically total is not clearly shown by the evidence.   There is evidence that the flooring and sleepers were washed away, leaving the bents or arches standing.   Other parts of the evidence seem to indicate that not all of the flooring and

sleepers were washed away. The evidence also leaves it doubtful whether the bridge was practically rebuilt as a new bridge, or merely repaired by replacing the old sleepers and flooring, with the addition of some new planks in the flooring. After this the bridge stood until about August 1, 1900, when a man in the employment of Judge Evans undertook to cross it with a surrey and pair of mules. One of the sills or sleepers of the bridge gave way on account of its rotten condition and the mules and surrey fell and were injured. An action was brought against the county for the damage sustained to the mules and surrey, and on the trial the plaintiff recovered a verdict against the county. A motion for a new trial was overruled, and the county excepted and brought the case here for review.

1. One of the grounds of the motion complains that the judge erred in charging the jury as follows: "I charge you, gentlemen, if this bridge was built prior to Dec. 29, 1888, by private individuals, and the county authorities, after the bridge was built and prior to Dec. 29, 1888, adopted said bridge as a county bridge, and if the plaintiff's mules and surrey were damaged by said bridge falling in while said mules and surrey were passing over it, and said damage occurred because of said bridge being in a defective condition, or because of not being in reasonably good repair, plaintiff would be entitled to recover such damages as the evidence shows that he sustained, provided the party in charge of such mules and surrey at the time could not have discovered the condition of such bridge by ordinary care and diligence, and provided said damage did not occur on account of ordinary neglect or fault of said party." Under the evidence as above recited and under the law, we think the exception to this charge is well taken. Prior to the act of December 29, 1888, a county was not liable for injuries arising from defective bridges, unless the bridge had been erected under contract and the county had taken no bond from the contractor as required by law; and even then the county was not liable unless the injury occurred within seven years from the building of the bridge. This bridge was adopted by the county, as above recited, in November, 1888, and was repaired or rebuilt in 1892. The injury sustained by the property of the defendant in error occurred in August, 1900, more than seven years after the repairing or rebuilding of the bridge, and much more than seven years after it was originally adopted as

a county bridge. As the act of 1888 applies only to bridges built or adopted since its passage, the pressure of the case was as to whether in 1892 the bridge was simply repaired or was rebuilt so as to make it practically a new bridge. If the bridge was practically rebuilt anew in 1892, then the Political Code, § 603, makes the county liable for injuries sustained through its negligence in maintaining the bridge. *Hackney* v. *Coweta County*, 117 *Ga.* 327. If, however, the work done in 1892 was only to repair the bridge, so that the old bridge remained as such, then the county could not be held liable for the injuries to the property of the defendant in error. *Helvingston* v. *Macon County*, 103 *Ga.* 106. The charge complained of instructed the jury, in substance, that if the bridge was built by citizens and adopted by the county prior to December 29, 1888, the county might be held liable for injuries occasioned by its negligence in maintaining the bridge, whether the bridge had or had not been rebuilt since that time. Under this charge it was not necessary for the jury to consider the question discussed above, but they might find for the plaintiff although there had been no rebuilding of the bridge since the passage of the act of 1888.

2.    Another ground of the motion complains that the judge refused a written request, properly made, to charge as follows: "If you should believe from the evidence that the defendant, Warren County, observed ordinary care in keeping the bridge . . in repair, or that the plaintiff or his agent in charge of the team could have prevented the injury by observing ordinary care, then I charge you that it would not be liable." We think that the judge should have instructed the jury as to the matters covered by this request. It is true that he did cover the latter part of it, as to the result of a want of ordinary care on the part of the driver of the vehicle, but nowhere in his charge did he intimate that the county would escape liability if its authorities had observed ordinary care in examining, looking after, repairing, and maintaining the bridge. While the Political Code, § 603, makes the county primarily liable for injuries caused by defective bridges, it does not make the counties insurers of the condition of the bridges. It does not require extraordinary care on the part of the county authorities in building or maintaining county bridges. Ordinary care is all that is required of them under the law. Whether the county authorities exercised ordinary care in examining or repairing the bridge was

a question for the jury.   It was also for the jury to say whether it was negligence, or a want of ordinary care, on the part of one of the commissioners, who with a contractor examined the bridge, shortly before the accident occurred, to fail to discover the rottenness of the sill; whether if, when they examined it and found the exterior of the sill to be sound, they should, in the exercise of ordinary care, have made further investigation and ascertained, what afterwards proved to be true, that the heart of the sill was rotten. These were questions for the jury to determine under proper instructions from the court.

*Judgment reversed.   By five Justices.*