## PAXTON *v.* BERRIEN COUNTY *et al.*

1. There is no provision of law for exceptions pendente lite in the county court.
2. An appeal being a de novo investigation, the superior court may hear and sustain a demurrer which has been previously heard and overruled in the county court.
3. Where a bond was given at the time of the original construction of a bridge over a stream between two counties, the law did not require a bond for the repair of such bridge, when the cost of the repairs was less than $500.
4. A petition will be most strongly construed against the pleader; and where it is doubtful whether he charges that a bridge was "repaired" or "rebuilt," and fails to show that the cost thereof was $500 or more, he sets out no cause of action against the county for injuries caused by defects in the bridge arising since the alleged "repair" or "reconstruction."

Submitted June 10, — Decided June 29, 1903.

Action for damages. Before Judge Seabrook. Berrien superior court. October term, 1902.

*H. B. Peeples* and *Hendricks & Harrison*, for plaintiff.

LAMAR, J.   The proviso contained in the Political Code, § 603,. making counties "primarily liable for all injuries caused by reason of any defective bridge, whether erected by contractors or county authorities," does not apply to bridges built across streams between counties.   Political Code, §§ 367–371.   *Willingham* v. *Elbert County,* 113 *Ga.* 15.   The law does not require a bond to be given where a bridge over a stream between counties is repaired, if the cost thereof is less than $500.   Political Code, § 370.   The petition alleged that the bridge was constructed over the boundary stream, and a bond given ; that at the expiration of seven years the counties, finding the bridge in need of repairs, employed a contractor to do the work at a cost of $90, but took no bond.   By amendment it was alleged that the county authorities "*reconstructed* a public bridge over and across Little River, a watercourse dividing the counties of Berrien and Colquitt, before the *repairing* of the said original bridge referred to in plaintiff's petition, and for which they took no bond as required by law."   Pleadings are to be construed most strongly against the pleader.   A charge that the bridge was "reconstructed," "being the repairing" of the same bridge, is either self-contradictory, or else, taken in connection with the other allegations, an averment that the work was that of repairing rather than the erection of a new structure.   The petition did not, therefore, clearly charge the building of a new bridge, but rather the repair of the old ; and the cost of such repair not being shown to be $500 or more, the county authorities were not obliged to require a bond.   And since the proviso in the Political Code, § 603, does not apply, the petition failed to set out a cause of action.   There may be as much reason for making the public liable to a citizen who is injured on account of defects in a bridge over a stream between two counties, as where he is damaged by the defective condition of a bridge in the body of a county.   But these political subdivisions of the State are not liable to suit except by express statute.   Political Code, § 341.

There is no provision of law for certifying bills of exception pendente lite in the county court.   An appeal is a de novo investigation, and the superior court may hear and sustain a demurrer which has been previously overruled in the lower court.

*Judgment affirmed.   All the Justices concur.*