### 1920. BROOKS COUNTY v. CARRINGTON.

1. The provision of the Political Code, § 603, making counties primarily liable for injuries caused by reason of any defective bridges, whether erected by contractors or by the county authorities, is not applicable to a bridge erected over a watercourse which divides one county from another. To bridges of the latter class §§ 367 and 371 of the Political Code are applicable; and liability attaches only in accordance with § 623 of that code, i. e., upon failure of the county to take a sufficient bond from the contractor.

2. The eastern bank of Little river above the junction of the Withlacoochee river is the boundary line between Brooks and Lowndes counties. The entire stream lies in Brooks county. Nevertheless Little river is to be regarded as a watercourse dividing the two counties, within the purview of the Political Code, § 367 et seq.

Action for damages; from city court of Quitman—Judge McCall. March 26, 1909.

Submitted July 15,—Decided December 24, 1909.

*Denmark & Griffin, Stanley S. Bennet,* for plaintiff in error.

*Cranford & Wilcox, Branch & Snow,* contra.

POWELL, J. Essie Carrington received severe injuries as a result of defects in the bridge spanning Little river, on the Quitman and Valdosta public road. She was, at the time, on the part of the bridge which lies in Brooks county. Nearly all of this bridge lies in Brooks county, and only a very small portion of it is in Lowndes; indeed only so much of it as is necessary for the purpose of safe abutment and approach on the eastern end lies in Lowndes county. She sued Brooks county on account of the injury, and

obtained a small verdict.    The theory of the plaintiff is that this bridge is a county bridge within the purview of the Political Code, §603, and that, as it was built since 1888, the County of Brooks is liable for the injury received through its defective condition.    The theory of the defendant is that it is a county-line bridge, that is a bridge built over a watercourse dividing one county from another.

1.    If the bridge on which this little girl received her injuries were a county bridge of Brooks county, such a bridge as is contemplated by the Political Code, §603, the verdict in her favor ought to stand; at least no sufficient reason would appear for setting it aside.    Under §603, counties are primarily liable for all injuries caused by reason of defective bridges, whether erected by contractors or by county authorities; and this section relates to all bridges erected upon public roads by county authorities or others, and not falling expressly within some other provision of the law. Under this section a liability attaches to the county, independent of the liability created by the Political Code, §623, against counties where the work has been done through a contractor and no sufficient bond has been taken.    On the other hand, if it is not a county bridge, but is what is commonly called a county-line bridge, i. e. a bridge over a watercourse which divides one county from another, §603 of the Political Code is not applicable, and liability against the county can be predicated only upon the contingency mentioned in §623.    This much is definitely and certainly established by the decisions of the Supreme Court on the subject.    See *Willingham* v. *Elbert County,* 113 *Ga.* 15 (38 S. E. 348) ; *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (33 S. E. 802) ; *Cook* v. *County of DeKalb,* 95 *Ga.* 218 (22 S. E. 151).

2.    After earnest reflection upon the matter, we are of the opinion that the bridge in question is a county-line bridge.    The line between Brooks and Lowndes counties is fixed by the act of 1859 (Acts 1859, p. 299), and the act of 1870 (Acts 1870, p. 28), as being the "east bank of Little river from the junction of Withlacoochee and Little river to the line of Berrien county."    It is true that this leaves the entire stream in Brooks county, and makes the bank nearest to Lowndes county the boundary line.    · Nevertheless we are constrained to hold that Little river is such a stream as is contemplated by the language, "any watercourse which divides one county or more counties from each other," found in the Political

Code, §§367, 610. We do not think that the legislature intended to confine the operation of these sections to cases where the center of the stream is the boundary. It may be noticed that the cost of building such bridges is not divided according to whether the major portion of the bridge may or may not lie in one or the other of the counties, but the expense is to be divided "in such proportion as would be just, taking into consideration the taxable property of each, and the amount expended by each in construction of bridges and other passways." We think that it is in accordance with common parlance to speak of Little river as dividing Brooks county from Lowndes county, just as in ordinary speech we say that the Chattahoochee river divides Georgia from Alabama, although the actual boundary is at the high-water mark on the Alabama side.               *Judgment reversed.*