*Leonard Farkas, Pope & Bennet,* for plaintiff in error.
*R. J. Bacon, R. H. Ferrill,* contra.

---

### 8221.   LAURENS COUNTY v. McLENDON.

GEORGE, J.   1. The provision of the Political Code of 1910, § 748, making counties primarily liable for injuries caused by any defective bridges, whether erected by contractors or by county authorities, is not applicable to a bridge erected over a watercourse which divides one county from another.   To bridges of the latter class sections 419 and 423 of the Political Code of 1910 are applicable; and liability attaches only in accordance with section 768—that is, upon failure of the county to take a sufficient bond from the contractor.   *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (66 S. E. 625); *Cook* v. *County of DeKalb,* 95 *Ga.* 218 (22 S. E. 151); *Willingham* v. *Elbert County,* 113 *Ga.* 15 (38 S. E. 348); *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (33 S. E. 892).

2. Counties are not liable to suit for any cause of action unless made so by statute.   Political Code, § 348.   There is no statute authorizing suit against a county for failure to repair a bridge after seven years have elapsed from the date of its construction, where no bond was required of the contractor by the county.   A failure by the county to require a bond from the contractor places the county in the same position as the contractor.   The liability of the county extends no further and exists no longer than the contractor's.   *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 173); *Arnold* v. *Henry County,* 81 *Ga.* 730 (8 S. E. 606); *Helvingston* v. *Macon County,* 103 *Ga.* 106 (29 S. E. 596); *Dougherty County* v. *Newson,* 107 *Ga.* 811 (33 S. E. 660).

3. While the principles announced in the foregoing headnotes are well settled, it appears from the petition in this case, as amended, that, within seven years preceding the injury and damage complained of, the county expended more than $500 in the repairing and rebuilding of the bridge, originally constructed more than seven years prior to the date of the alleged injury, and in fact "renewed and rebuilt" the bridge; and the allegations are sufficient to withstand a general demurrer. The judge, therefore, did not err in overruling the general demurrer to the petition as amended.   It is a question of fact for the jury

whether the bridge was, within seven years preceding the date of the injury, rebuilt, or only repaired, the county having failed to require a bond for this work upon the bridge. *Warren County* v. *Evans*, 118 *Ga.* 200 (44 S. E. 986) ;. *Helvingston* v. *Macon County*, supra.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED FEBRUARY 1, 1917.

Action for damages; from Laurens superior court—Judge Kent. October 26, 1915.

*M. H. Blackshear,* for plaintiff in error.

*George B. Davis, S. P. New,* contra.