7771. WELLS v. JEFFERSON COUNTY.

GEORGE, J. 1. The provision of the Political Code of 1910, § 748, making counties primarily liable for injuries caused by defective bridges, whether erected by contractors or by the county authorities, is not applicable to a bridge erected over a watercourse which divides one county from another. To bridges of the latter class (that is, to county-line bridges) sections 419 to 423 of the code are applicable, and liability attaches only in accordance with section 768,—that is, for failure of the county to take a sufficient bond from the contractor. *Willingham* v. *Elbert County,* 113 *Ga.* 15 (38 S. E. 348); *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (33 S. E. 892); *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (66 S. E. 625); *Laurens County* v. *McLendon,* ante, 246 (91 S. E. 283).

2. Counties are not liable to suit for any cause of action unless made so by statute. Political Code of 1910, § 384. There is no statute expressly authorizing suit against a county for failure to repair a bridge after seven years have elapsed from the date of its construction. *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 173); *Arnold* v. *Henry County,* 81 *Ga.* 730 (8 S. E. 606); *Dougherty County* v. *Newsom,* 107 *Ga.* 811 (33 S. E. 660).

3. In this case the petition alleged that the injuries sustained were caused by the defective condition of a county-line bridge, and that the county authorities causing the construction of the said bridge failed to take bond in accordance with section 768 of the Political Code of 1910. It was not alleged that the bridge was built by contract, or that the bridge was let out to the lowest bidder, or that the alleged injuries occurred within seven years after the bridge was built. In fact the plaintiff did

not allege when or how the bridge was built, or claim that it was simply repaired within a period of seven years preceding the injury. The petition was predicated upon the theory that the county was primarily liable for a negligent failure to repair the defects in the bridge after knowledge of the existence of such defects. *Held:* The petition was properly dismissed on general demurrer. Even if a county is liable for its negligence (which is not expressly declared by statute) in failing to cause a county-line bridge to be repaired by letting out the contract therefor to the lowest bidder at public outcry at the location of such bridge, after having advertised the letting out of the contract as provided in section 419 of the Political Code of 1910, the petition in this case was defective in that it failed to allege that the bridge in question was built since the act of 1881 (Acts 1880-1, p. 132), from which that section was taken. *Seymore* v. *Elbert County*, 116 *Ga.* 371. The decisions in the cases of *Mackey* v. *Ordinaries of Murray and Whitfield Counties*, 59 *Ga.* 832, and *Davis* v. *Horne*, 64 *Ga.* 69, relied on by counsel for the plaintiff in error, were considered and declared to be unsound in *County of Gwinnett* v. *Dunn*, 74 *Ga.* 358, and in *Arline* v. *Laurens County*, 77 *Ga.* 249 (2 S. E. 833).

Judgment affirmed. *Wade, C. J., and Luke, J., concur.*
DECIDED MARCH 15, 1917.

Action for damages; from city court of Louisville—Judge Jordan. July 31, 1916.

*L. D. McGregor, W. L. Phillips,* for plaintiff.

*R. G. Price, J. R. Phillips,* for defendant.