### 8408.    NICHOLSON *v.* JACKSON COUNTY.

GEORGE, J. 1. A county is liable for injuries caused by a defect in a county bridge (as distinguished from a county-line bridge) constructed either by contractors or by the county authorities since the passage of the act of 1888 (Ga. L. 1888, p. 39), although the injuries occurred more than seven years after the bridge was constructed. *Hackney* v. *Coweta County,* 117 *Ga.* 327 (43 S. E. 725).

2. Where a part of a public road constitutes the abutment to a public bridge and is essential to the existence and use of the bridge, it is a part of the bridge itself; and the obligation of a county to keep it in repair, and the liability resulting from the failure to discharge the duty of repairing, apply to the same extent as to the part of the structure ordinarily called the bridge. *Mitchell County* v. *Dixon,* 20 *Ga. App.* 21 (92 S. E. 405), and cases there cited.

3. In this case the petition alleged that the bridge over which the plaintiff was traveling at the time of his injury was constructed since the act of 1888. By amendment it was alleged that the bridge, while originally constructed before the act of 1888, was rebuilt since the passage of that act. The evidence was sufficient to authorize the jury to find that the bridge in question was rebuilt, and not merely repaired, by the defendant county since the passage of the act of 1888; and therefore it was error to award a nonsuit. *Helvingston* v. *Macon County,* 103 *Ga.* 106 (29 S. E. 596); *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 996); *Laurens County* v. *McLendon,* 19 *Ga. App.* 246 (91 S. E. 283).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 27, 1917.

Action for damages; from city court of Jefferson—Judge Mahaffey. December 12, 1916.

*J. S. Ayers,* for plaintiff.    *S. J. Nix,* for defendant.