25178. NEWBERRY *v.* HALL COUNTY.

Decided January 30, 1936.

*Joseph G. Collins, Ben C. Williford,* for plaintiff.
*G. Fred Kelley,* for defendant.

Sutton, J. The plaintiff brought suit against Hall County, to recover damages for personal injuries to himself, and for loss of the services of his minor son from injuries caused by alleged defec-

tive condition of a bridge spanning the Chattahoochee River on the Gainesville and Silver City Highway, known as the Keith Bridge, the center of the river being the western boundary line of the county. It was not alleged when, how, and by whom the bridge was built, except that it had been built since 1888. The plaintiff alleged that the county maintained the east half or end of the bridge, but that it had failed to keep it in a state of repair, and the timber had become rotten; that the bridge was old and in a defective condition, all of which the county authorities knew; that the plaintiff's automobile truck, carrying him, and his son, and a cord of wood, fell through the bridge on the eastern end, because of its defective condition, and he and his son were injured; and that the county was negligent in maintaining the defective bridge, without repair, and without warning travelers by signs or otherwise of its dangerous condition. The judge sustained a general demurrer and dismissed the action, and the plaintiff excepted.

1. A county is not liable to suit for any cause of action, unless made so by statute. Code of 1933, § 23-1502. Where suit is instituted against a county, the petition must show the county's statutory liability. *Seymore* v. *Elbert Coun'y,* 116 *Ga.* 371 (42 S. E. 727).

2. A bridge on a public highway, spanning the Chattahoochee River from east to west, where the middle of the stream is the boundary line between Hall County and its neighboring county, is a county-line bridge, even though Hall County is under obligation to keep and maintain only the eastern portion of the bridge, under agreement with its neighboring county. *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (2) (66 S. E. 625) ; *Wells* v. *Jefferson County,* 19 *Ga. App.* 455 (91 S. E. 943) ; *Laurens County* v. *McLendon,* 19 *Ga. App.* 246 (91 S. E. 283).

3. Section 95-1001 of the Code, making a county liable by reason of a defective intracounty bridge, whether constructed by a contractor or by the county authorities, has no application to a county-line bridge, that is a bridge over a stream constituting the boundary line between two counties one end of which bridge is in one county and the other end in another county. *Paxton* v. *Berrien County,* 117 *Ga.* 891 (45 S. E. 266) ; *Brooks County* v. *Carrington, Laurens County* v. *McLendon,* and *Wells* v. *Jefferson County,* supra. There is a marked difference between the require-

ments of the law relating to the construction of county-line bridges and the provisions of the law under which bridges wholly within the limits of a county may be built. *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (33 S. E. 892).

4. A petition in an action brought against a county, to recover damages on account of a defective county-line bridge, must allege that the county failed to take a bond as required by section 23-1903 of the Code. *Willingham* v. *Elbert County,* 113 *Ga.* 15 (38 S. E. 348). It is the duty of the county constructing the bridge between the two counties to take a bond from the contractor erecting the same. *Cook* v. *County of DeKalb,* 95 *Ga.* 218 (22 S. E. 151). Under the Code, §§ 95-1001, 95-1210, when a suit is brought against a county for damages caused by the want of proper repairs to a public bridge, it should appear that the bridge was erected by letting the contract to the lowest bidder, and that no bond was taken from the contractor, and both these facts should be alleged in the petition. *Collins* v. *Hudson,* 54 *Ga.* 25.

5. Where a county let the contract for building a bridge to the lowest bidder, and took no bond from the contractor, but the injury complained of occurred ten years after the time of the erection of the bridge, there was no legal liability on the county because of such injury. *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 133), overruling *Davis* v. *Horne,* 64 *Ga.* 69. In case of failure of the county to take the bond, the county takes the place of the contractor, and is liable only as long as the contractor would have been liable had he given the bond, which is seven years. *Dougherty County* v. *Newsom,* 107 *Ga.* 811 (33 S. E. 660) ; *Laurens County* v. *McLendon,* and *Wells* v. *Jefferson County,* supra.

6. A county is not liable to a person injured by reason of a defective bridge on account of its negligent failure to post signs or some kind of warning to travelers informing them of the defective and dangerous condition of the bridge. *Wilkes County* v. *Tankersly,* 29 *Ga. App.* 624 (116 S. E. 212).

7. Therefore, in a personal-injury action against a county on account of the defective condition of a county-line bridge, where it is not alleged that the injury was received within seven years from the time the bridge was built or that it was repaired within that time, and it is not alleged whether the bridge was built by a contract after being let to the lowest bidder as required by law, and

that the county had failed to take from the contractor a bond as required by statute,—in fact it not being alleged how or when the bridge was built, the petition is fatally defective and states no cause of action. Code of 1933, §§ 95-1101, 23-1210, 23-1901 et seq.; *Brooks County* v. *Carrington, Laurens County* v. *McLendon, Willingham* v. *Elbert County, Wells* v. *Jefferson County,* supra.

8. It follows that the judge properly sustained the general demurrer and dismissed the action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*