## 26438. WASDEN v. JEFFERSON COUNTY.

SUTTON, J. 1. The provision of the Code, § 95-1001, making counties primarily liable for injuries caused by defective bridges, whether erected by contractors or county authorities, is not applicable to a bridge erected over a watercourse which divides one county from another. Sections 23-1901 to 23-1905, inclusive, are applicable to county-line bridges; and liability for defects in such bridges attaches only under the provisions of § 95-1210, for failure of the county to take a sufficient bond from the contractor. *Brooks County* v. *Carrington*, 7 *Ga. App.* 225 (66 S. E. 625); *Laurens County* v. *McLendon*, 19 *Ga. App.* 246 (91 S. E. 283); *Wells* v. *Jefferson County*, 19 *Ga. App.* 455 (91 S. E. 943); *Newberry* v. *Hall County*, 52 *Ga. App.* 472 (183 S. E. 664); *Forsyth County* v. *Gwinnett County*, 108 *Ga.* 510 (33 S. E. 893); *Willingham* v. *Elbert County*, 113 *Ga.* 15 (38 S. E. 348).

2. A county is not liable to suit for any cause of action, unless made so by statute. Code, § 23-1502. Before the act of December 29, 1888 (Ga. L. 1888, p. 39), a county was not liable for injuries arising from defective bridges, unless the bridge had been erected under contract and the county had failed to take a bond from the contractor as required by law. Inasmuch as that act only had reference to intracounty bridges, by specifically amending the Code of 1882, § 671 (Code of 1933, § 95-1001), so as to make counties primarily liable for defective bridges as provided therein, and had no reference to county-line bridge, the liability of a county for a defective county-line bridge was not changed thereby, but remained the same as it was before the passage of said act. And the liability of a county for defects in such bridges attaches as pointed out in division 1 of this opinion. *Forsyth County* v. *Gwinnett County*, supra; *Hackney* v. *Coweta County*, 117 *Ga.* 327 (43 S. E. 725); *Paxton* v. *Berrien County*, 117 *Ga.* 891 (45 S. E. 266); *Warren County* v. *Evans*, 118 *Ga.* 200 (44 S. E. 986).

3. Accordingly, where the plaintiff brought suit against Jefferson County for personal injuries alleged to have been sustained by the collapse of a section of a county-line bridge spanning a stream between Jefferson and Glascock Counties, alleging that the portion of said bridge in Jefferson County, where the accident occurred, had been built anew within the last seven years at a cost of more than $500; that no contract for the construction of the bridge was made, and no bond taken as required by law, but it was built by the county by furnishing its own material and by convict labor; that the bridge was defectively constructed, and his injuries were occasioned thereby, the petition failed to make a case of liability against Jefferson County, and the court properly sustained the general demurrer to the petition. It is appropriate to state that the judge in passing on the demurrer did so in a full and well-considered opinion. *Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 7, 1937.

*N. J. Smith,* for plaintiff. *M. C. Barwick,* for defendant.