28211. LAMB *v.* GREENO *et al.*

DECIDED MAY 20, 1940.

*Aaron Kravitch,* for plaintiff.

*Abe Tenenbaum, Charles Donnelly,* for defendants.

SUTTON, J.  C. L. Lamb brought suit against Louis Greeno and J. W. Brown, alleging that the defendants were indebted to him $185.46 by virtue of moneys had and received by them from plaintiff, said moneys consisting of $100 cash paid to Louis Greeno and $85.46 expended in repairing the property of the defendants; and that although said defendants were in equity, law, and good conscience required to pay said moneys to plaintiff, and although due and payable, they have failed and refused to pay.  Judgment against both defendants was prayed.  Brown was not served. Greeno filed general and special demurrers.  The court sustained the special demurrers, giving the plaintiff leave to amend within ten days, but overruled the general demurrer.  No exception pendente lite was filed by the defendant.  Within the time allowed the plaintiff amended the petition by alleging that "the $100 in question was paid to said Louis Greeno as a binder and as part of the purchase-money for the purchase of the property for which said action is being brought, and $85.46 was expended by petitioner in repairing the property of the said defendant, while he was under the belief and of the opinion that he, said plaintiff, was to occupy and use said property, and he, said plaintiff, would get the benefit of the expenditures which he was making upon said property. Petitioner shows that J. W. Brown is the owner of the property, and that Louis Greeno purported to act as agent for the consummation of said sale; but that said Louis Greeno is indebted to your petitioner, in that said Louis Greeno represented to your petitioner that, regardless of what the terms of the sales ticket might be as to who was to obtain the loan, that if petitioner would pay to said Louis Greeno $100 that he, said Louis Greeno, would obtain the loan on the property, and there would be no danger of the plaintiff losing either the binder or expenditures which he made to repair said property, and he paid the money to said Louis

Greeno and made said expenditures on the express representation and terms that said Louis Greeno would protect petitioner, and thereafter said Louis Greeno to his attorney and other persons admitted liability in the premises, and offered from time to time to make restitution to your petitioner, and admitted he had misled and deceived said plaintiff into paying said money, and admitted he, said Louis Greeno, had breached his part of the contract in failing to obtain the loan for him, which was part of the consideration of said sale and payment of said money." Greeno filed general and special demurrers to the petition as amended, and the exception is to the judgment sustaining the general demurrer.

The plaintiff contends that the overruling of the general demurrer to the original petition adjudicated that it set forth a cause of action for money had and received, and that the court erred in sustaining the general demurrer, filed at a subsequent term of court, to the petition as amended. As a general rule, all demurrers must be filed at the first term, but "an amendment to a petition which materially changes the cause of action, made at any stage of the case, opens the whole petition to demurrer at that time. Aliter, when the amendment makes no material change in the cause of action." *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280) ; Code, § 81-1312. An examination of the petition as amended discloses that, whatever cause of action is attempted to be set forth, it does not, in consequence of the amendment, show that the plaintiff is entitled to recover as for money had and received; and that although the amendment contains some allegations appropriate to a cause of action for fraud and deceit or for a breach of contract, the petition as amended in fact sets forth no right to recovery. Whether the original petition set forth a cause of action for money had and received with respect to the $100 received by Greeno, it did not set forth a cause of action as to recovery of the $85.46 which was expended by the plaintiff in repairing property, inasmuch as such amount was not held by either of the defendants, but represented a sum which was voluntarily expended by the plaintiff. The $100 is shown to have been given to Greeno, as agent of Brown, *as a binder* under some indefinite agreement to purchase from Brown some undescribed property. Thus the cause of action has been materially changed with respect to any right to recover for money had and received. It is alleged that Greeno promised the plaintiff

that if he would put up such a binder, Greeno would procure for the plaintiff a loan on the property to be bought, and that there would be no danger of his losing either the binder or the benefits of the expenditures on the property. If by such allegations the pleader seeks to set out a cause of action for fraud and deceit, they fail of their purpose because such an action can not be maintained where the representations are not made as to a present or past fact, but, as here, involve promises as to future acts. It is alleged in the petition that Greeno "admitted he had misled and deceived said plaintiff into paying said money, and admitted he, said Louis Greeno, had breached his part of the contract in failing to obtain the loan for him;" but this allegation amounts only to a conclusion on the part of the pleader, and is not good against the general demurrer.

Furthermore, any conclusion on the part of Greeno that he had deceived the plaintiff would not be decisive of that issue; and with no more facts shown than that he promised to obtain a loan for the plaintiff if he would give a binder to bind the trade for the undescribed property, this court could not, in the absence of any allegation that the plaintiff had made it possible for the defendant Greeno to carry out his promise by the plaintiff acquiring title so as to authorize the grant of a loan to him, agree that such a conclusion was warranted or binding on such defendant. Again, it is shown by the petition as amended that Greeno "offered from time to time to make restitution" to the plaintiff; and no reason is shown why the plaintiff did not accept such offer to return the $100, instead of bringing suit. As to the defendant Brown, it is not alleged that he had anything whatever to do with the act of Greeno in promising to effect a loan on the property if bought. So far as the petition as amended discloses, no reason is assigned why the $100 should be returned to the plaintiff, as it is not even alleged that the loan was not obtained. If it is sought to set forth a cause of action for breach of contract with respect to the sale of any property, it must be said that it is not alleged that Brown refuses to go forward with the trade, or that Greeno is obstructing its consummation; and as to the procurement of a loan it is not shown, as above mentioned, that the plaintiff has made it possible for the defendant Greeno to effect the same. In any view of the allegations of the petition as amended, no cause of action was set forth. The court properly sustained the general demurrer.

Judgment affirmed. *Stephens, P. J., concurs. Felton, J., concurs specially.*