33790. SAYER *v.* LINCOLN COUNTY *et al.*

DECIDED MARCH 7, 1952—REHEARING DENIED MARCH 27, 1952.

758

*Pierce Brothers*, for plaintiff.

*Eugene Cook, Attorney-General, W. V. Rice* and *T. W. Williams, Assistant Attorneys-General, L. C. Groves*, for defendants.

SUTTON, C.J. ██ It is contended by the plaintiff in error that the ruling of the court on the demurrers, on June 2, 1951, became the law of the case and adjudicated that the petition as then amended set out a cause of action. This suit as originally brought was for damages on account of a defect in a bridge allegedly caused by the failure of the defendant to keep the bridge in repair. It does not appear from the original petition whether the alleged defective bridge was an intracounty bridge or a county-line bridge, nor by whom, how, or when it was built. It appears from the petition as first amended that the bridge in question was a county-line bridge; that it was rebuilt in 1950 by Lincoln County through the State Highway Department; that, at the letting of such bridge, no bond was taken by Lincoln County or the State Highway Department, as was its duty to do;

and that the plaintiff's injuries were sustained less than seven years from the rebuilding of said bridge. After the court overruled the defendant's general demurrer and sustained the special demurrers, on June 2, 1951, and dismissed the petition, with leave to amend, the plaintiff amended her petition a second time. This was a material amendment, which opened the petition as amended to demurrer, both general and special. It appeared for the first time, in this amendment, that the bridge in question was first built in 1930 by Ed Pettus, under a contract between him and the State Highway Department after bids were duly advertised for as therein stated, said Pettus being the lowest and best bidder; that Lincoln County did not take a bond as required by Code § 95-1210, nor did the State Highway Department do so for it; that said bridge later became impassable and was rebuilt by the State Highway Department during the year 1950 at a cost of more than $500 without advertising; and that no bond was taken therefor either by the county or the State Highway Department as required by said Code section.

An amendment to a petition which materially changes the nature of the suit or the cause of action, made at any stage of the case, opens the whole petition anew to demurrer at that time. See *Tingle* v. *Maddox*, 186 *Ga.* 757 (2) (198 S. E. 722) ; *Green* v. *Spires*, 189 *Ga.* 719, 721 (7 S. E. 2d, 246) ; *Lamb* v. *Greeno*, 62 *Ga. App.* 615 (9 S. E. 2d, 126). Likewise, an amendment to a petition which shows that the plaintiff is not entitled to recover renders the petition as amended subject to demurrer at that time.

It clearly appears from this last amendment that the bridge in question was first built by a contractor more than twenty years before the injuries sued for occurred; that no bond was taken by the county or the highway department at that time; that it was rebuilt by the State Highway Department in 1950 without a contract; and that no bond was taken at that time by the county or the highway department. The petition as thus amended fails to show any legal liability on the part of the county to the plaintiff for the injuries sustained on account of the alleged defective county-line bridge and, therefore, was subject to the renewed demurrers.

There is a marked difference in the law fixing liability against a county for injuries received an account of a defective county-

line bridge over a watercourse dividing two counties, and the provisions of the law making a county primarily liable for injuries caused by a defective intracounty bridge, whether such bridge is erected by a contractor or by county authorities. The law in this respect will be set out in the next division of this opinion.

■ The law applicable to and controlling in the present case is contained in the case of *Wasden* v. *Jefferson County,* 56 *Ga. App.* 505 (193 S. E. 116), and for convenience that decision is here quoted as follows: "1. The provision of the Code, § 95-1001, making counties primarily liable for injuries caused by defective bridges, whether erected by contractors or county authorities, is not applicable to a bridge erected over a watercourse which divides one county from another. Sections 23-1901 to 23-1905, inclusive, are applicable to county-line bridges; and liability for defects in such bridges attaches only under the provisions of § 95-1210, for failure of the county to take a sufficient bond from the contractor. *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (66 S. E. 625); *Laurens County* v. *McLendon,* 19 *Ga. App.* 246 (91 S. E. 283); *Wells* v. *Jefferson County,* 19 *Ga. App.* 455 (91 S. E. 943); *Newberry* v. *Hall County,* 52 *Ga. App.* 472 (183 S. E. 664); *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (33 S. E. 893); *Willingham* v. *Elbert County,* 113 *Ga.* 15 (38 S. E. 348).

"2. A county is not liable to suit for any cause of action, unless made so by statute. Code, § 23-1502. Before the act of December 29, 1888 (Ga. L. 1888, p. 39), a county was not liable for injuries arising from defective bridges, unless the bridge had been erected under contract and the county had failed to take a bond from the contractor as required by law. Inasmuch as that act only had reference to intracounty bridges, by specifically amending the Code of 1882, § 671 (Code of 1933, § 95-1001), so as to make counties primarily liable for defective bridges as provided therein, and had no reference to county-line bridges, the liability of a county for a defective county-line bridge was not changed thereby, but remained the same as it was before the passage of said act. And the liability of a county for defects in such bridges attaches as pointed out in division 1 of this opinion. *Forsyth County* v. *Gwinnett County,* supra; *Hackney* v. *Coweta*

*County,* 117 *Ga.* 327 (43 S. E. 725) ; *Paxton* v. *Berrien County,* 117 *Ga.* 891 (45 S. E. 266) ; *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 986).

"3. Accordingly, where the plaintiff brought suit against Jefferson County for personal injuries alleged to have been sustained by the collapse of a section of a county-line bridge spanning a stream between Jefferson and Glascock Counties, alleging that the portion of said bridge in Jefferson County, where the accident occurred, had been built anew within the last seven years at a cost of more than $500; that no contract for the construction of the bridge was made, and no bond taken as required by law, but it was built by the county by furnishing its own material and by convict labor; that the bridge was defectively constructed, and his injuries were occasioned thereby, the petition failed to make a case of liability against Jefferson County, and the court properly sustained the general demurrer to the petition." In this connection, see *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (supra) ; *Wells* v. *Jefferson County,* 19 *Ga. App.* 455 (supra) ; *Newberry* v. *Hall County,* 52 *Ga. App.* 472 (supra) ; *Forsyth County* v. *Gwinnett County,* 108 *Ga.* 510 (supra) ; and *Willingham* v. *Elbert County,* 113 *Ga.* 15 (supra) ; which are cited in the case above quoted. It will be seen from the above-cited statutes and authorities that the liability of a county for a defective county-line bridge (a bridge spanning a watercourse dividing two counties) was not changed by the act of 1888 (Ga. L. 1888, p. 39), but the law with respect to such bridges remained the same as it was before the passage of said act, and is as stated above.

As far back as 1870, in *Scales* v. *Ordinary,* 41 *Ga.* 225, and in 1875, in *Collins* v. *Hudson,* 54 *Ga.* 25, a full-bench decision, it was ruled that, "when a suit is brought against a county for damages caused by a want of proper repairs to a public bridge, it should appear that the bridge was erected by letting it out to the lowest bidder, and that no bond was taken from the contractor faithfully to perform his contract, and to indemnify for all damages occasioned by a failure so to do, and to keep the bridge in good repair for seven years, and for such further time as may be embraced in the contract—and both of these facts should be alleged in the declaration." In that case there were no allega-

tions in the declaration that the bridge was erected by a contract made with a builder under a letting out to the lowest bidder and that no bond was taken from such contractor to keep it in repair for seven years, and consequently the petition was dismissed on demurrer. Rulings to the same effect were made in *County of Gwinnett* v. *Dunn,* 74 *Ga.* 358, and in *Arline* v. *Laurens County,* 77 *Ga.* 249, 251 (2 S. E. 833), where the full-bench decision in *Collins* v. *Hudson, supra,* was reaffirmed as the prevailing law in such cases. It was ruled in *Warren County* v. *Evans,* 118 *Ga.* 200, 201 (supra), that, "Prior to the act of December 29, 1888, a county was not liable for injuries arising from defective bridges, unless the bridge had been erected under contract and the county had taken no bond from the contractor as required by law; and even then the county was not liable unless the injury occurred within seven years from the building of the bridge."

■ Therefore, it will be seen that Code §§ 23-1901 to 23-1905 are applicable to county-line bridges, and that liability for defects in such a bridge attaches only under the provisions of Code § 95-1210, that is, for failure of the county to take a sufficient bond from the contractor; and where, as here, the petition as last amended, properly construed, showed that such a bridge was rebuilt by the county or the State Highway Department without a contract, and without taking a bond, no liability for injuries caused by defects in such a bridge attached against the county or the State Highway Department, and the trial judge did not err in sustaining the demurrers to the petition as finally amended and in dismissing the action.

The cases of *Laurens County* v. *McLendon,* 19 *Ga. App.* 246 (91 S. E. 283), and *Helvingston* v. *Macon County,* 103 *Ga.* 106 (29 S. E. 596), are cited and relied on by the plaintiff in error. The *Helvingston* case, supra, dealt with an intracounty bridge, rebuilt after the year 1888, as disclosed by the facts of that case. If anything is said in either of those cases contrary to the rulings in the older cases dealing with county-line bridges and the statute law with respect to the same as above cited, then such rulings or statements, if there be such, in the two named cases must yield to the older cases dealing with the question here involved and the statute law with respect to liability for defects in such bridges as are here involved.

*Judgment affirmed. Felton and Worrill, JJ., concur.*