35119. JONES *v.* APPLING COUNTY.

Decided July 9, 1954.

388

*Jack Ballenger, Lee S. Purdom,* for plaintiff in error.

*Milton C. Grainger, J. H. Highsmith,* contra.

GARDNER, P. J. "Prior to the act of December 29, 1888 [Code § 95-1001], a county was not liable for injuries arising from defective bridges unless the bridge had been erected under contract and the county had taken no bond from the contractor as required by law." *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 986). Code § 95-1001 has no application to county-line bridges. *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (66 S. E. 625). It follows that there is no liability on the defendant county here unless (a) the bridge was erected under contract, and (b) the county took no bond from the contractor.

The petition fails to allege that the bridge was repaired under contract. On the contrary, it alleges that the bridge was repaired, within the statutory seven-year period, by county employees. We do not agree that the job foreman, a county employee, can be a contractor, under the definition in Black's Law Dictionary that a contractor is "one who in pursuit of independent business undertakes to perform a job or piece of work, retaining in himself control of the means, method and manner of accomplishing the desired result"—the petition containing no allegations to this effect. Chapter 23-19 of the Code relating to county-line bridges obviously places the same meaning on the word "contractor." Code § 23-1903 speaks of "contractors who are awarded contracts under this [section], and Code § 23-1904 provides that the provisions of the chapter (as to such contracts) shall not apply when the bridge can be repaired at a less cost

than $500, but that in such conditions officers of counties may "hire hands and furnish material." The Code law, therefore, recognizes what a contractor is, and also recognizes that, when the work is done by the hiring of hands, it is not done by a contractor. While the costs here were in excess of $500, and the county was not authorized under any law to do the work without a contractor, nevertheless the failure of the county to comply with the law in order to get the job done did not render the county liable unless specifically made liable by statute. The liability provided under Code § 95-1210 is primarily against the contractor, whether such contractor gives bond or not. The Code section goes further and establishes liability against the county only where there is a contractor, and where, also, the county authorities have failed to require the contractor to give the bond. Both by general definition, and by the language of Code Chapter 23-19, the relationships of employer-employee and of independent contracting parties are mutually exclusive. General allegations tending to establish liability in pleadings must yield to specific allegations showing that such liability does not in fact exist. *Doyal* v. *Russell*, 183 *Ga.* 518 (2) (189 S. E. 32). Since the petition specifically alleges that the job was done by county employees, "said foreman and said [men] working under him in said repair work being paid and hired by Appling County, Georgia, and supervision of employees of the said Appling County, Georgia, and officials thereof; that said bridge was not repaired by letting out the contract therefor to the lowest bidder or by taking bids for same," such allegations show that there was in fact no contractor within the meaning of the law.

It therefore appears that this decision must be controlled by *Sayer* v. *Lincoln County*, 85 *Ga. App.* 754, 762 (70 S. E. 2d 146), as follows: "Liability for defects in such a [county-line] bridge attaches only under the provisions of Code § 95-1210, that is, for failure of the county to take a sufficient bond from the contractor; and where, as here, the petition as last amended, properly construed, showed that such a bridge was rebuilt by the county . . . without a contract, and without taking a bond, no liability for injuries caused by defects in such a bridge attached against the county."

The cases cited in the brief of the plaintiff in error do not con-

tradict what is here said. *Helvingston* v. *Macon County,* 103 *Ga.* 106 (29 S. E. 596) deals with an intra-county bridge. The court there held that, regardless of the act of 1888, supra (Code § 95-1001 et seq.), the county might have been held liable if the bridge were rebuilt as a new bridge, but not if it were merely repaired. The petition here alleges only a repair, not a rebuilding, of the bridge. *Laurens County* v. *McLendon,* 19 *Ga. App.* 246 (91 S. E. 283), and *Newberry* v. *Hall County,* 52 *Ga. App.* 472 (183 S. E. 664) deal with situations where there is a contractor, but the contractor has not been required to give bond, and, citing *Collins* v. *Hudson,* 54 *Ga.* 25, it is stated that "It should appear that the bridge was erected by letting the contract to the lowest bidder, and that no bond was taken from the contractor, and both these facts should be alleged in the petition."

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*