## 39251. McFARLAND v. BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA.

CUSTER, Judge. 1. "Group insurance is the coverage of a number of individuals by means of a single or blanket insurance policy." 44 C.J.S. 479, Insurance, § 15; *Travelers Ins. Co. v. Harrington,* 75 Ga. App. 759 (44 SE2d 457, 460). In group insurance employees do not make individual applications, and they receive certificates referring to the master policy which is issued to the employer. Prudential Ins. Co. of America v. Jenkins, 290 Ky. 802 (162 SW2d 791).

2. Conclusions or general allegations in a petition tending to establish liability must be disregarded as against demurrer where the specific contradictory facts pleaded show that such liability does not actually exist. *Collins v. Mills,* 198 Ga. 18 (30 SE2d 866); *Jolly v. Jones,* 201 Ga. 532 (40 SE2d 558); *Presley v. Presley,* 77 Ga. App. 99 (47 SE2d 647); *Jones v. Appling County,* 90 Ga. App. 386 (83 SE2d 53); *Community Theatres Co. v. Bentley,* 88 Ga. App. 303 (76 SE2d 632). The allegation in this petition to the effect that the plaintiff, C. W. McFarland, was an employee of Dawson and Marr d/b/a The Market Basket; and that as such employee he became a member under "Group Policy No. H-19629 with the Business Men's Assurance Co. of America along with the other employees of the Market Basket" must yield to the specific averments of the petition which sets out as an exhibit the actual contract of insurance between McFarland and the defendant company, and shows that the hospitalization policy attached, No. H-19629, is not a policy of group insurance, but was issued directly to Clark W. McFarland by the company. Nothing in the policy shows any fact which would support the inference that the employer was in any manner involved in taking out

the insurance for his employees, but on the contrary it affirmatively appears that the contract itself did not involve the employer in any manner.

3. " 'Contracts made by an agent representing both parties thereto may be avoided without liability by either principal when such dual agency was without his full knowledge and consent.' 3 C.J.S. 181, § 252." *Fort Valley Coca-Cola Bottling Co. v. Lumbermen's Mutual Cas. Co.*, 69 Ga. App. 120 (4) (24 SE2d 846); *Napier v. Adams*, 166 Ga. 403 (2, 3) (143 SE 566); *Red Cypress Lumber Co. v. Perry*, 118 Ga. 876 (1) (45 SE 674). Where a dual agency is relied upon by the pleader, he must not only allege the agency, but that it was known to or ratified by both parties. See *Ballew v. Ware & Harper*, 16 Ga. App. 149 (1) (81 SE 597). It follows that the allegation in this petition that plaintiff paid the premiums due on his hospitalization insurance policy to his employers, the other defendants "said defendants acting as agents for C. W. McFarland and also as agents for Business Men's Assurance Company of America to collect said premiums," when construed against the pleader as it must be on demurrer, shows only that the plaintiff paid his monthly hospitalization insurance premiums to his employers as agents of himself in the expectation that they would forward such premiums to the defendant insurance company, but it fails to allege that the employers were agents of the insurance company in such manner that payment to them could constitute payment to the company regardless of whether the company in fact received the premiums as they fell due. From the petition as a whole the fact is evident that the defendant insurance company never adopted the plaintiff's employers as its agents to collect and forward premiums to it, never received the premiums paid by the plaintiff to his employers, and never had any notice that the plaintiff was in fact paying premiums to his employers in the belief that this constituted payment by him to the insurance company.

4. While, if this had in fact been a group insurance policy issued to the employer and including the employees under a blanket coverage, the employer might then have been the agent of the insurance company to collect and forward premiums (see *Cason v. Aetna Life Ins. Co.*, 91 Ga. App. 323, 85 SE2d 568), the fact that the contract itself shows it not to have

been of this type renders the question immaterial to a decision of this case.

5. The insurance policy in question was issued to the plaintiff by the company on February 3, 1957, for a term of one month and provided that "on any premium due date, the insured may, with the consent of the company, renew the policy for a term of one month by payment of the premium specified in the insurance schedule. . . If any renewal premium has not been received by a duly authorized agent of the company or deposited in the U. S. mail prior to the expiration of the grace period, the policy will expire." As noted above, the petition does not allege that the plaintiff's employers were authorized by the company to receive premium payments and alleges no facts authorizing this inference. The plaintiff was first hospitalized on October 31, 1958, made a claim for benefits under the policy, and was informed on January 7, 1959, that the policy had lapsed for nonpayment of premiums. The plaintiff had never been notified of this fact and had continued to make premium payments to his employers until January 7, 1959. He alleges that the defendant employers were negligent in failing to advise him that the policy had lapsed and in continuing to accept premiums from him without forwarding same to the insurance company, and that "as the direct and proximate cause [result?] of this deliberate and intentional failure to pay plaintiff's premiums" on the part of these defendants he has sustained the damages for which relief is sought. The petition thus specifically shows that the refusal of the insurance company to pay his claim is due entirely to the negligence of his agents, the defendant employers, in failing to forward premiums and thus allowing his policy to lapse, which, by the same token, establishes the fact that the insurance company itself was not liable to this plaintiff.

6. An oral motion to dismiss the petition by one of the defendants on the ground that no cause of action is set out as to it, is the equivalent of a general demurrer and may be urged any time before judgment. *Code* § 81-302; *Kelly v. Strouse & Bros.*, 116 Ga. 872 (43 SE 280); *Parker v. Mayor &c. of Savannah*, 216 Ga. 210, 212 (115 SE2d 555). There is no merit in the contention that the motion to dismiss should have been made in writing and before the case went into default.

The trial court did not err in sustaining the oral motion of the defendant insurance company to dismiss the action as to it. *Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 16, 1962.

*Robert N. Hardeman,* for plaintiff in error.
*Alston, Sibley, Miller, Spann & Shackelford, Lloyd T. Whitaker,* contra.